**Manuel TORRES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–89–037–CR.**

Court of Appeals of Texas, Corpus Christi.

April 19, 1990.

Rick Holstein, Corpus Christi, for appellant.

Grant Jones, Dist. Atty., James D. Rosenkild, Asst. Dist. Atty., Corpus Christi, for appellee.

Before NYE, C.J., and BENAVIDES and DORSEY, JJ.

## OPINION

BENAVIDES, Justice.

Appellant pleaded guilty without a plea agreement to murder, and the trial court assessed punishment at 45 years in the Texas Department of Corrections. We affirm.

Appellant raises two points of error. In the first, he contends that the trial court erred in conducting the "punishment phase" after discovering that appellant had not been examined by two psychiatrists, as previously ordered. In the second point, appellant contends that he received ineffective assistance of counsel, in part, because counsel misrepresented to the court that the examinations had been conducted. Because the two points concern many of the same facts, we will briefly summarize the facts before addressing appellant's particular contentions.

Appellant stabbed and killed a person on August 7, 1988, the day before appellant's seventeenth birthday. Sometime between this date and August 19, Dr. L.R. Fricke examined appellant and concluded that he was capable of understanding the charges

against him and assisting his attorney. On August 19, appellant's juvenile counsel filed motions for psychiatric and neurological examinations of appellant. Both of appellant's motions contained copies of the psychological evaluation conducted by Dr. Fricke. On August 22, the juvenile court denied both motions.

On September 6, appellant was certified to stand trial as an adult. The same counsel continued to represent appellant as an adult. On November 4, counsel filed a motion to have appellant examined by a psychiatrist. In the motion, counsel stated that "information" had come to her attention raising the question of appellant's competency and sanity at the time of the commission of the offense. Counsel did not specifically identify any particular information. Nonetheless, on November 14, the trial court granted appellant's motion and signed an order appointing two practicing psychiatrists to determine within 21 days appellant's sanity and competency to stand trial.

On December 14, appellant appeared and pleaded guilty. At the outset of the hearing, the trial court questioned appellant and determined that he seemed "able to understand what I'm asking you." Counsel then told the trial court that she felt appellant was competent to stand trial. The following exchange then occurred:

THE COURT: All right. The file reflects that you had requested his psychiatric and psychological examination.

MS. CUELLAR: That's correct, Your Honor.

THE COURT: Have you received the results of that examination?

MS. CUELLAR: I have looked them over. I have looked over the ones in the court file, your Honor.

THE COURT: All right. Is there anything in those reports that suggests that this defendant is not mentally competent to stand trial or that he was not sane at the time of the commission of the offense?

MS. CUELLAR: No, there's just some— there's just some discrepancies about his I.Q. and ability to comprehend certain sophisticated things.

THE COURT: Is there anything in those reports that suggest that you should pursue either a competency hearing or pursue an insanity defense?

MS. CUELLAR: Not at this point, Your Honor, not after the two reports, no.

Counsel then went on to inform the trial court that appellant was capable of understanding his rights and had been able to assist in his defense. The trial court then found that appellant was competent to stand trial. Thereafter, the trial court again questioned appellant personally. Appellant affirmatively answered the trial court's questions concerning whether he had sufficient time to discuss his case with counsel and was happy with her representation. After further admonishments, the trial court accepted appellant's plea and found him guilty. The State then requested that the punishment hearing be held at a later date so that a presentence report could be prepared. The trial court granted the request.

On the next day, December 15, the trial court entered an order relating to the competency and sanity examinations previously ordered. The court found that although it had ordered these examinations, no examinations were conducted. The order stated that the court tested appellant on his mental competency, questioned counsel on her opinion of appellant's competency, and found appellant competent. The court denied a renewed request for a mental examination of appellant.

On January 13, 1989, the trial court proceeded to punishment. Neither the parties nor the trial court made any mention of the unconducted examinations.

■ On appeal, appellant is represented by new counsel. In his first point of error, appellant contends that the trial court should not have proceeded to the punishment phase after learning that the examinations had not been conducted. Appellant relies primarily on Tex.Code Crim.Proc. Ann. art. 46.02 (Vernon Supp.1990) to argue that because the trial court had ordered an examination, competency was in

issue, and accordingly the trial court had a duty to determine if there was evidence to support the need for a competency hearing. We do not agree that the trial court was precluded from proceeding with the punishment hearing.

First, the mere fact that counsel requested, and the trial court ordered, a psychiatric evaluation does not constitute a determination by the trial court that an issue of the appellant's competency existed. *See Gardner v. State*, 733 S.W.2d 195, 200 (Tex.Crim.App.1987).

Second, no evidence was ever brought to the trial court's attention to raise an issue concerning appellant's competence. In fact, the trial record indicates only that appellant was competent. Appellant's counsel represented to the court that she had no problems with his competency, and the trial court personally observed and questioned appellant and found nothing to indicate lack of competency. Dr. Fricke's report also showed appellant to be competent.

Third, the trial court's order denying the examinations would not have precluded appellant from raising competency at the punishment hearing or sentencing. *See* Tex. Code Crim.Proc.Ann. art. 46.02, sec. 2(b) (Vernon Supp.1990); Tex.Code Crim.Proc. Ann. art. 42.07 (Vernon Supp.1990). Appellant did not again raise competency and did not object to proceeding with the punishment hearing. Appellant's first point of error is overruled.

In his second point, appellant contends that he was denied the effective assistance of counsel. Appellant relies primarily on counsel's statement to the trial court that she had reviewed the competency examination results to show that counsel failed to effectively represent appellant. He also points out that counsel failed to appear on the first date when trial was set, failed to file an application for probation, failed to have a subpoena issue, incorrectly used the term "jail" for "prison," and waived rulings on pretrial motions.

In order to prevail upon a claim of ineffective assistance of counsel, the accused must show that counsel made unprofessional errors and, there is a reasonable probability that but for those errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Ex parte Guzmon*, 730 S.W.2d 724, 733 (Tex.Crim.App.1987). This two-part test applies to challenges to guilty pleas. *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985); *Ex parte Pool*, 738 S.W.2d 285, 286 (Tex.Crim.App.1987).

Generally, for a defendant to prevail on a claim of ineffective assistance after pleading guilty, the defendant must show that "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *See Pool*, 738 S.W.2d at 286.

■ Since we are dealing primarily with the effectiveness of counsel relating to appellant's ability to enter any plea and stand trial instead of the effectiveness of counsel relating to the voluntariness of a particular guilty plea, we do not believe that appellant must show that "he would not have pleaded guilty and would have insisted on going to trial."

■ Nonetheless, appellant must allege and show more than merely that counsel inaccurately represented certain information to the court. While we would classify counsel's conduct on this particular matter as "deficient" under the first prong of the Strickland standard, appellant has not alleged or shown that he should not have been allowed to proceed to trial or was prejudiced by this deficient conduct. In fact, the appellate record, as noted above, fails to contain anything to raise an issue concerning appellant's competency. Dr. Fricke's report, the trial court's own observations, and counsel's statements concerning her ability to consult with appellant (apart from any misrepresentation about the examinations) indicate only that appellant was competent.

It may well be that further errors, if any, counsel made in regard to the competency matters were outside the record. In many cases, though, claims of ineffective assistance cannot be developed on direct appeal

because the record simply has not been sufficiently developed through the trial proceedings. *See Hernandez v. State,* 726 S.W.2d 53, 59 (Tex.Crim.App.1986) (counsel's failure to pursue insanity defense).

Appellant also complains that counsel failed to file an application for probation, failed to have a subpoena issue, misused the term "jail," filed an untimely waiver of appeal, and withdrew pretrial motions. Although we recognize that no single failing on counsel's part would render her assistance ineffective, we will address appellant's complaints individually to demonstrate why counsel's actions do not constitute ineffective assistance.

 First, although counsel did not file an application for probation, trial was before the court without a jury. In this situation, a defendant is not required to file an application to be eligible for probation. *See* Onion, Special Commentary, Tex.Code Crim.Proc.Ann. art. 42.12 (Vernon 1979). Moreover, the trial court noticed that no application for probation had been filed, indicated that he would let appellant file one, but said filing one would do appellant no good. In addition, appellant was not seeking probation. Counsel argued to the court that she was seeking minimal incarceration, not probation. Accordingly, we do not find that counsel's acts fell below the ordinary standard of professional conduct.

Appellant also complains that counsel failed to have a subpoena issue for a particular witness. The record shows that at the initial guilty plea hearing in December, counsel asked if the court was going to proceed to "sentencing" that day. She explained that she wanted appellant's juvenile parole officer to testify at "sentencing" but had not issued a subpoena for him. The trial court, as noted above, recessed the proceedings after appellant's plea was entered and waited until a presentence report was prepared to assess punishment. At the later hearing, in January, the appellant called his juvenile parole officer to testify. Counsel's failure to have a subpoena issue in December had no effect on appellant. Moreover, it is axiomatic that a subpoena need not issue if a witness voluntarily testifies. Nothing in this record shows that counsel was ineffective in not having a subpoena issue in December.

Appellant also complains that counsel misused the term "jail" for "imprisonment." This error occurred when counsel asked the court to assess a minimal jail term for appellant. The trial court stated that appellant was not facing time in jail but instead facing time in the Texas Department of Corrections. Taken in context, it appears that counsel used the term "jail" in a common, not legalistic, manner. There is nothing to show that counsel's use of the term in a common manner was an error in substance or affected appellant adversely.

Appellant also complains that counsel withdrew pretrial motions and filed an untimely waiver of appeal of these motions. Since appellant pleaded guilty without a plea bargain, he had no right to appeal pretrial motions. *See Helms v. State,* 484 S.W.2d 925 (Tex.Crim.App.1972). Counsel did not fail to provide competent assistance in this regard.

As a whole, counsel did not fail to provide competent professional assistance. Appellant's second point of error is overruled.

The judgment of the trial court is affirmed.