**Alvin WILSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–90–00372–CR.**

Court of Appeals of Texas, Dallas.

April 16, 1991.

John H. Hagler, Dallas, for appellant.
Karen R. Wise, Dallas, for appellee.

Before WHITHAM, KINKEADE, and WHITTINGTON, JJ.

## OPINION

KINKEADE, Justice.

Alvin Wilson appeals his conviction for theft from a corpse. After a bench trial, the court assessed Wilson's punishment at seven years' confinement. In two points of error, Wilson contends that the evidence is insufficient to support the conviction. Because there is insufficient evidence to support Wilson's conviction, we reverse the trial court's judgment and render a judgment of acquittal.

### FACTS

Dr. John Parker of the Southwest Institute of Forensic Science performed an external examination and autopsy on the body of Neil Johnston at the Dallas County Medical Examiner's office on June 23, 1989. Wilson, a morgue assistant at the Dallas County Medical Examiner's office, assisted Dr. Parker during the examination and autopsy. Dr. Parker testified that Johnston's inventory list and autopsy report indicated the presence on the corpse of "a yellow metal ring with a brown cameo stone on the left fourth finger." Dr. Parker stated that, although he never saw Wilson remove the ring from the corpse's finger, Wilson had unrestricted access to the corpse at all times.

Kimberly Davidson, a morgue clerk, testified that the next day Wilson showed her a ring and asked her to drive him to a pawn shop so that he could pawn it. Davidson further testified that Wilson told her that he had taken the ring from a corpse in the morgue. Wilson later showed Johnston's body to Davidson and identified it as the corpse from which he had taken the ring. Wilson asked Davidson to destroy Johnston's inventory list and she agreed to do so. Later, after Wilson left work for the day, Davidson reported the incident to a supervisor, Dr. Jeff Barnard. Davidson and Dr. Barnard then went to the morgue, examined Johnston's body, and found the ring missing from the left hand of the corpse. Davidson testified that she did not destroy Johnston's inventory list.

Detective Al Messenger recovered the ring at a pawn shop where Wilson had previously pawned items. Detective Messenger showed Davidson the ring, and she identified it as the ring that Wilson showed her. Charles Johnston, the deceased's son,

also identified the ring as "the ring my father owned." Detective Messenger's investigation revealed that the homeless person who pawned the ring could not remember who had approached him and asked him to pawn it. The police subsequently arrested Wilson.

The indictment in this case alleged, in pertinent part, that Wilson:

did unlawfully, knowingly and intentionally appropriate property, namely: exercise control over property, other than real property to wit: a ring, from the corpse person of Neil Johnston, the owner of the said property, without the effective consent of the owner and with intent to deprive the said owner of said property....

When the State rested its case-in-chief, Wilson moved for an instructed verdict. Wilson asserted that the State failed to prove the ownership allegation contained in the indictment and could not prove the allegation as a matter of law. The trial court denied Wilson's motion.

## SUFFICIENCY OF THE EVIDENCE

In his first point of error, Wilson contends that the evidence is insufficient to support the conviction because the State alleged and proved ownership of the ring in the name of the "corpse person of Neil Johnston," and not in the name of Johnston's executor, administrator, or heir. Wilson argues that the State failed to prove the indictment's ownership allegation because an "owner," by statutory definition, must be "a human being who has been born and is alive." TEX.PENAL CODE ANN. § 1.07(a)(17), (24), & (27) (Vernon 1989).

When reviewing the sufficiency of the evidence, the critical inquiry remains whether, viewing the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Marroquin v. State*, 746 S.W.2d 747, 750 (Tex.Crim.App.1988); *Garrett v. State*, 682 S.W.2d 301, 304 (Tex.Crim.App. 1984), *cert. denied*, 471 U.S. 1009, 105 S.Ct. 1876, 85 L.Ed.2d 168 (1985). This standard supports the trier of fact's responsibility to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *See Gilbert v. State*, 787 S.W.2d 233, 235 (Tex.App.—Fort Worth 1990, no pet.) (citing *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979)). In a bench trial, the trial judge, as the trier of fact, remains the exclusive judge of the credibility of the witnesses and the weight to be given their testimony. The trial judge may accept or reject any or all of the evidence for either side. *See Bowden v. State*, 628 S.W.2d 782, 784 (Tex.Crim.App. 1982); TEX.CODE CRIM.PROC.ANN. arts. 36.13 & 38.04 (Vernon 1979).

■ A person commits the offense of theft if he unlawfully appropriates property with the intent to deprive the owner of the property. TEX.PENAL CODE ANN. § 31.03(a) (Vernon 1987). A person unlawfully appropriates property if it is without the owner's effective consent. TEX.PENAL CODE ANN. § 31.03(b) (Vernon 1987). The offense of theft is a felony of the third degree if, "regardless of value, the property is stolen from the person of another or from a human corpse or grave." TEX.PENAL CODE ANN. § 31.03(e)(4)(B) (Vernon 1987). Article 21.08 of the Texas Code of Criminal Procedure specifies that "when the property belongs to the estate of a deceased person, the ownership may be alleged to be in the executor, administrator or heirs of such deceased person, or in any one of such heirs...." TEX.CODE CRIM. PROC.ANN. art. 21.08 (Vernon 1967). Article 21.08, however, is a pleading rule and not a part of the definition of the offense of theft. *Freeman v. State*, 707 S.W.2d 597, 603 (Tex.Crim.App.1986).

■ The indictment alleged that Wilson unlawfully appropriated a ring "from the corpse person of Neil Johnston, the owner of the [ring], without the effective consent of the owner and with intent to deprive the owner of the [ring]." Once the State alleges that a person is the "owner" of property, it then has the burden to establish that fact beyond a reasonable doubt, and a failure to do so will result in

the court entering an acquittal on behalf of the defendant. *Freeman*, 707 S.W.2d at 603. Further, the State must establish ownership as of the date of the offense rather than the date of the indictment. *Harris v. State*, 471 S.W.2d 390, 392 (Tex. Crim.App.1971) (op. on reh'g).

■ The Texas Penal Code defines an "owner" as "*a person* who has title to the property, whether lawful or not, or a greater right to possession of the property than the actor." TEX.PENAL CODE ANN. § 1.07(a)(24) (Vernon 1989) (emphasis added). It further defines a "person" as "*an individual,* corporation or association." TEX.PENAL CODE ANN. § 1.07(a)(27) (Vernon 1989) (emphasis added). Finally, it defines an "individual" as "a human being who has been born and *is alive.*" TEX.PENAL CODE ANN. § 1.07(a)(17) (Vernon 1989) (emphasis added). Therefore, an individual that is identified as an "owner" of property in an indictment must be a living human being as of the date of the offense.

■ In this case, the State alleged in the indictment that the "corpse person of Neil Johnston" owned the ring as of the date of the offense. Further, the indictment states that Wilson appropriated the ring from the owner "with intent to deprive the said owner" of the ring and "without the effective consent of the owner." Although the State's proof at trial may have established that Wilson appropriated the ring from the corpse, the ownership allegation contained in the indictment and the State's evidence remained insufficient to prove the offense charged since a corpse cannot "own" property as a matter of law. Because the State could not prove the ownership allegation contained in the indictment beyond a reasonable doubt, insufficient evidence exists to support Wilson's conviction. We sustain Wilson's first point of error.

We reverse the trial court's judgment and render a judgment of acquittal.