Ryland Edward HAYDEN, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 13–91–090–CR, 13–91–091–CR.

Court of Appeals of Texas,
Corpus Christi.

Oct. 24, 1991.

Patrick J. McGuire, Corpus Christi, for appellant.

Grant Jones, Corpus Christi, for appellee.

Before NYE, C.J., and SEERDEN and BISSETT[1], JJ.

## OPINION

NYE, Chief Justice.

Appellant pleaded guilty to the charges of burglary of a habitation and credit card abuse. Punishment was assessed at ten years' confinement for each offense, to run concurrently. He now complains of insufficient evidence to support his guilty plea, abuse of discretion by the trial court in denying appellant's motion to withdraw his

1. Assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to Tex. Gov't Code Ann. § 74.003 (Vernon 1989).

**196**

plea of guilt, and ineffective assistance of counsel. We affirm.

 In his first point of error, appellant contends that there was insufficient evidence to support his plea of guilty. In Texas, a plea of guilty must be supported by sufficient evidence. Tex. Code Crim. Proc.Ann. art. 1.15 (Vernon 1977). To prove credit card abuse, the State must show that appellant, with the intent to obtain property or service fraudulently, presented or used a credit card with knowledge that the card has not been issued to him and is not used with the effective consent of the cardholder. Tex. Penal Code Ann. § 32.31(b)(1)(A) (Vernon 1989). In order to prove burglary, the State must establish that, without the effective consent of the owner, appellant entered a building or habitation, not then open to the public, with the intent to commit a felony or theft. Tex. Penal Code Ann. § 30.-02(a)(1) (Vernon 1989). The State introduced appellant's judicial confessions and stipulations, which were entered into evidence without objection by appellant. A judicial confession, standing alone, is sufficient to support a guilty plea and conviction. *Potts v. State,* 571 S.W.2d 180, 182 (Tex.Crim.App.1978); *Richardson v. State,* 482 S.W.2d 645, 646 (Tex.Crim.App.1972); *Elliott v. State,* 768 S.W.2d 351, 353 (Tex. App.—Corpus Christi 1989, no pet.); *Harmon v. State,* 649 S.W.2d 93, 95 (Tex. App.—Corpus Christi 1982, no pet). Although appellant later moved to withdraw his guilty plea, he did not then claim that his reason for doing so was because the evidence was insufficient, nor did he introduce any evidence which tended to exculpate him. Appellant also failed to request withdrawal of his judicial confession and stipulations. Since the confession and stipulations had not been retracted or otherwise rendered inadmissible, they were sufficient to support his pleas and convictions. *Cammack v. State,* 645 S.W.2d 866, 868–69 (Tex.App.—Dallas 1983, no pet.). Viewing, then, the evidence in the light most favorable to the judgment, we conclude that there was sufficient evidence to find the essential elements of the crime beyond a reasonable doubt, and the trial court's entry of the judgments of guilt was proper. *Johnson v. State,* 803 S.W.2d 272, 279 (Tex. Crim.App.1990). Point one is overruled.

 In his second and third points of error, appellant claims that the trial court abused its discretion by denying appellant's motion to change his plea. In point two, he claims that his guilty plea was involuntary and the trial court should have permitted him to withdraw it. A reviewing court must examine the record as a whole to determine the voluntariness of a guilty plea, and when a defendant attests at his original plea hearing to the voluntary nature of his plea, a heavy burden is placed on him at a subsequent hearing to show lack of voluntariness. *Richards v. State,* 562 S.W.2d 456 (Tex.Crim.App.1978); *Sawyer v. State,* 778 S.W.2d 541, 543 (Tex. App.—Corpus Christi 1990, pet. ref'd).

To briefly recount the relevant facts, appellant gave a confession to police in which he stated that his friend, Melvin Greer, came to his house late one night and told him that he had killed a man (John Disiena). Appellant then accompanied Greer to the victim's house where they viewed the body and then left. Later, appellant gave a written confession in which he admitted burglarizing Disiena's house, taking the victim's credit cards, and subsequently using them to purchase some gold jewelry and Reebok tennis shoes. At appellant's plea hearing the State introduced the judicial confessions and several affidavits—statements of store clerks who identified appellant as one of the men who used the victim's credit cards to purchase the items mentioned and the statements of pawn shop clerks who identified appellant as the man who tendered the same items to them for cash.

 The State and the Defendant—appellant worked out a plea bargain agreement. At the original plea hearing, appellant testified that his plea was voluntary and that he freely chose to enter the plea bargain agreement. Appellant now asserts that he had an absolute right to withdraw his guilty plea. While a liberal practice prevails in Texas for allowing defendants

to change their pleas, the general rule in bench-tried cases is that, once the trial court has pronounced judgment or has taken the case under advisement, the defendant may change his plea only at the sound discretion of the court. *Jackson v. State,* 590 S.W.2d 514, 515 (Tex.Crim.App.1979); *Stanton v. State,* 159 Tex.Crim. 275, 262 S.W.2d 497, 498 (1953).

■ The record shows that appellant's counsel notified the court of a plea bargain agreement which conditioned the term of punishment upon appellant's cooperation in testifying at Greer's murder trial. Appellant was admonished by the trial court. The State then introduced his judicial confessions and the statements of the store and pawn shop clerks. The trial court received appellant's guilty plea and shortly thereafter recessed the proceedings to allow both appellant and the State to fulfill their obligations under the plea agreement. The trial court, in effect, took the case under advisement pending the outcome of the murder trial. As a part of the plea agreement, appellant was released on bond. The decision to allow appellant to withdraw his guilty plea at the subsequent hearing was discretionary. We find no abuse of discretion in the denial of appellant's motion to withdraw his guilty plea. Point two is overruled.

■ Appellant claims in his third point of error that the trial court erred in denying his motion to withdraw his guilty plea since circumstances raised an issue of his guilt, and he cites us to *Edworthy v. State,* 371 S.W.2d 563 (Tex.Crim.App.1963), *Malone v. State,* 548 S.W.2d 908 (Tex.Crim. App.1977), and *Griffin v. State,* 703 S.W.2d 193 (Tex.Crim.App.1986). Appellant's reliance on these cases is misplaced. Each of the referenced cases involved jury trials on the issue of punishment. In all three there was conflicting evidence on key elements of the charged offenses. In appellant's case, he introduced no evidence which would have raised an issue of his guilt. Appellant never questioned the sufficiency of the evidence. He merely stated that he had changed his mind and wanted to withdraw his guilty plea. The trial court is only obligated to withdraw a defendant's guilty plea when testimony is introduced which makes the defendant's innocence evident, or which reasonably and fairly raises an issue of such fact. *Reyna v. State,* 434 S.W.2d 362, 365 (Tex.Crim.App.1968). Appellant claimed that his earlier plea had been induced through coercion. The trial court considered his complaint, but pronounced judgment and sentenced appellant. We find no abuse of discretion here since appellant had already taken the stand, made a judicial confession, and a written judicial confession had been placed in evidence. It is the duty of the trial court to consider the evidence submitted, and as the trier of the facts the court may determine the defendant's guilt or innocence. *Moon v. State,* 572 S.W.2d 681, 682 (Tex.Crim. App.1978). The trial court was the exclusive judge of the credibility of appellant's testimony and could accept or reject any part or all of it. *Sawyer,* 778 S.W.2d at 544. The evidence before the trial court supported judgments of guilty against appellant.

■ In his fourth point of error, appellant claims that his attorney rendered ineffective assistance in two ways. First, counsel failed to discover that it would have been impossible for the State to convict him of the two offenses. As a result of this mistake, counsel advised appellant to plead guilty to the charges when the evidence was insufficient as a matter of law to support his plea. The test for reviewing ineffective assistance of counsel claims was set forth by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The appellant must not only show deficient performance by counsel, but also that counsel's errors so prejudiced him that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *See also Hernandez v. State,* 726 S.W.2d 53, 55 (Tex.Crim.App. 1986); *Mowbray v. State,* 788 S.W.2d 658, 670 (Tex.App.—Corpus Christi 1990), *cert. denied,* — U.S. —, 111 S.Ct. 999, 112 L.Ed.2d 1082 (1991). This two-part test is

applicable to cases where ineffective assistance of counsel is raised as a challenge to a guilty plea. *Hill v. Lockhart,* 474 U.S. 52, 57, 106 S.Ct. 366, 369–70, 88 L.Ed.2d 203 (1985); *Ex Parte Adams,* 707 S.W.2d 646, 649 (Tex.Crim.App.1986); *Torres v. State,* 788 S.W.2d 709, 712 (Tex.App.—Corpus Christi 1990, no pet.).

Appellant bases his argument upon the holding in *Wilson v. State,* 808 S.W.2d 587 (Tex.App.—Dallas 1991, pet. granted), in which a conviction of theft was reversed because the defendant, a morgue assistant in the county medical examiner's office, stole a ring from a dead body. In the indictment, the State alleged that the decedent was the owner of the ring and that the ring had been taken without the decedent's consent. Reversal was required because, for a person to be an owner of property, she must be a living human being. *Wilson,* 808 S.W.2d at 590; Tex. Penal Code Ann. § 1.07(a)(17, 24, 27) (Vernon 1974).

 In this case, the State alleged that appellant burglarized the habitation of John Disiena and used John Disiena's credit cards without his consent. Appellant cites *Wilson* for the proposition that the State could not prove the elements of ownership or lack of consent because the man alleged to have been the owner was dead. Appellant argues here that, since John Disiena was already dead when appellant arrived at the house, he could not have been the credit card owner, because an owner must be a living human being. Citing *Wilson,* 808 S.W.2d at 590; Tex. Penal Code Ann. § 1.07(a)(17, 24, 27). Appellant's argument fails because ownership is not an element of the crime of credit card abuse. Tex. Penal Code Ann. § 32.31(b)(1)(A)(Vernon 1989); *Ex Parte Williams,* 622 S.W.2d 876, 877 (Tex.Crim.App.1981). In prosecuting this offense, the State must allege lack of consent of the *cardholder* whose name appears on the face of the card. *See Jones v. State,* 611 S.W.2d 87, 90 (Tex.Crim.App. 1981). Appellant admitted going to the house to view Disiena's body. He claimed that Disiena was dead at the time he used the credit cards. This evidence was sufficient to show that appellant had knowledge

that the credit cards were not issued to him and that he did not have the effective consent of the named cardholder. Counsel made no error by failing to argue *Wilson* with respect to the credit card abuse charge because ownership is not an element of that offense and the cardholder's lack of consent was clearly established. Accordingly, we find no deficiency in counsel's performance.

Regarding the burglary charge, appellant similarly argues that there was insufficient evidence to support his guilty plea. Because Disiena was already dead when appellant entered the house, Disiena could not have been the owner of the house, nor could it be proved that appellant had entered without the owner's consent.

 The record shows that at the original plea proceeding appellant assured the trial court that he was pleading guilty voluntarily, because he was guilty, that he had discussed his possible defenses with counsel before deciding on his plea, and he was satisfied with counsel's performance. Moreover, we note that plea negotiations in appellant's case had been extensive, and appellant twice confirmed through counsel that he wanted to enter the plea agreement. Appellant fails to show that the advice to plea bargain was based on his attorney's ignorance of the law rather than a deliberate strategy on the part of his attorney. If *Wilson v. State,* above, is correct law, and if Disiena was, in fact, dead at the time appellant entered the house, counsel may well have been deficient in advising appellant to plead guilty. On the other hand, because the evidence on appeal consists only of the appellant's statement and his judicial confession and stipulations, we do not know what other evidence the State had which might have shown that appellant participated in the criminal offense from the beginning or that Disiena was alive when appellant entered his house. If the State had other evidence to use against appellant, his decision to plead guilty may have been a tactical one to avoid appellant's prosecution for murder, to avoid a jury trial on the two present offenses, or to accept an agreed punish-

ment. This Court cannot find that defense counsel's representation was deficient. Furthermore, appellant fails to show that it is reasonably likely that, but for counsel's errors (if any), the outcome of his trial would have been different. *Strickland v. Washington,* 466 U.S. at 696, 104 S.Ct. at 2069; *Hernandez,* 726 S.W.2d at 55; *Mowbray,* 788 S.W.2d at 670. The appellate record is inadequate to support such a finding, as is often the case when ineffective assistance of counsel is alleged on direct appeal. *See Hernandez v. State,* 726 S.W.2d at 59; *Torres,* 788 S.W.2d at 711. Point four is overruled.

The judgments of the trial court are AFFIRMED.