IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-92-209-CR





ROY RIOS,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE COUNTY COURT AT LAW NO. 3 OF TRAVIS COUNTY



NO. 359,824, HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING


 





 This appeal is taken from a conviction in a bench trial for the offense of criminal
trespass. Tex. Penal Code Ann. § 30.05 (West 1989 & Supp. 1993). The trial court assessed
appellant's punishment at 120 days in the county jail and a fine of $1,000.00. The imposition of
the sentence was suspended and appellant was placed on probation subject to certain conditions.

 Appellant urges two points of error. First, appellant advances the contention that
section 30.05 of the Texas Penal Code defining the offense of criminal trespass is
unconstitutionally vague as applied to him. Second, appellant challenges the sufficiency of the
evidence to sustain the conviction. We will sustain the second point of error, reverse the
conviction and order an acquittal. We do not reach the constitutional question.

 Section 30.05 of the Texas Penal Code (criminal trespass) provides:



(a) A person commits an offense if he enters or remains on property or in a
building of another without effective consent and he:


 (1) had notice that the entry was forbidden; or


 (2) received notice to depart but failed to do so.


(b) For purposes of this section:


 (1) "Entry" means the intrusion of the entire body.


 (2) "Notice" means:


 (A) oral or written communication by the owner or someone with
apparent authority to act for the owner;


 (B) fencing or other enclosure obviously designed to exclude
intruders or to contain livestock; or


 (C) a sign or signs posted on the property or at the entrance to the
building, reasonably likely to come to the attention of intruders,
indicating that entry is forbidden.


 (3) "Shelter center" has the meaning assigned by Section 51.992(1),
Human Resources Code.


(c) It is a defense to prosecution under this section that the actor at the time of
the offense was a fire fighter or emergency medical services personnel, as
that term is defined by Section 773.003, Health and Safety Code, acting in
the lawful discharge of an official duty under exigent circumstances.


(d) An offense under this section is a Class B misdemeanor unless it is
committed in a habitation or a shelter center or unless the actor carries a
deadly weapon on or about his person during the commission of the offense,
in which event it is a Class A misdemeanor.



Tex. Penal Code Ann. § 30.05 (West 1989 & Supp. 1993).

 The elements of the offense of criminal trespass are that: (1) a person, (2)
knowingly or intentionally or recklessly, (3) enters or remains on the property or in a building of
another, (4) without effective consent, (5) when he had notice that entry was forbidden or received
notice to depart but failed to do so. See Palmer v. State, 764 S.W.2d 332, 334 (Tex.
App.--Houston [1st Dist.] 1988, no pet.); Johnson v. State, 665 S.W.2d 554, 556 (Tex.
App.--Houston [1st Dist.] 1984, no pet.).

 The information in the instant case alleged that appellant on or about August 6,
1991



did then and there without the effective consent of the owner, to wit: Sgt.
Melendez, intentionally and knowingly enter the property of the owner, Roy Rios
did then and there have notice by oral communication from owner said notice
indicated that entry was forbidden. (1)



 The State's theory of the case was that appellant, who was fifteen years of age at
the time, was given notice on June 25, 1989, never to re-enter Barton Creek Square Mall in
Travis County; that the notice was a lifetime notice; and that on August 6, 1991, appellant entered
Dillard's Department Store, a tenant of the Barton Creek Square Mall, in violation of the notice. 
The owner of the mall was shown to be Melvin-Simon, Inc. Some of the exhibits and testimony
make reference to a "Javier Melendez" or a "Sergeant Javier Melendez," a mall security officer
who reportedly gave the "notice" to appellant over two years before the instant offense. It was
not established that Javier Melendez was the "Sgt. Melendez" alleged in the information as owner
of the property. Melendez did not testify and his whereabouts were never established or
explained. It was not shown that Melendez was still a security officer or employee of Melvin-Simon, Inc. at the time of the alleged offense. In fact, the contrary appears to be true.

 An "owner" has title to property, possession of property, or a greater right of
possession of property than the defendant. Tex. Penal Code Ann. § 1.07(a)(24) (Vernon 1974). 
In alleging ownership in burglary, theft, and other related cases, it is the better rule of pleading,
when a corporation is the owner, to charge that ownership and possession is in a natural person. 
Compton v. State, 607 S.W.2d 246, 250 (Tex. Crim. App. 1980) (op. on reh'g), cert. denied, 450
U.S. 997 (1981); Castillo v. State, 469 S.W.2d 572, 573 (Tex. Crim. App. 1971). It is then
necessary to prove this natural person is the special owner of the property. Id.; see also Tex.
Code Crim. Proc. Ann. art. 28.01 (West 1989).

 Security personnel can be considered special owners of property in certain cases,
see State v. Jackson, 849 S.W.2d 444, 446 (Tex. App.--San Antonio 1993, no pet.), but the name
of the special owner should be alleged correctly as the allegation must be proven as made. See
Tex. Code Crim. Proc. Ann. art. 21.07 n.18 (West 1989). Once the State alleges that a person
is the owner of property, it has the burden of establishing that fact beyond a reasonable doubt in
order to sustain the conviction, and a failure to do so will result in an acquittal. Wilson v. State,
808 S.W.2d 587, 589-90 (Tex. App.--Dallas 1991), pet. dismissed as improvidently granted, 828
S.W.2d 14 (Tex. Crim. App. 1992); Willis v. State, 802 S.W.2d 337, 341 (Tex. App.--Dallas
1990, pet. ref'd); see also Freeman v. State., 707 S.W.2d 597, 603 (Tex. Crim. App. 1986). 
And the ownership of the property as alleged must be established as of the date of the offense. 
Harris v. State, 471 S.W.2d 390, 392 (Tex. Crim. App. 1971); Castillo, 469 S.W.2d at 573;
Wilson, 808 S.W.2d at 590; Jingles v. State, 752 S.W.2d 126, 128 (Tex. App.--Houston [14th
Dist.] 1987, pet. ref'd). As noted in footnote 1, ownership is not an element of criminal trespass. 
Langston, 855 S.W.2d at 721. Section 30.05 requires only that an actor entered or remained on
the property of another after he had notice that entry was forbidden or had notice to depart. Id. 
The State, having pled the property was owned by "Sgt. Melendez," assumed the burden of
proving the allegation. Id. Unnecessarily specific allegations of this kind are not merely
surplusage, but must be proven to sustain a conviction. Id.; see also Chavez v. State, 843 S.W.2d
586 (Tex. Crim. App. 1992); Whetsone v. State, 786 S.W.2d 361, 364 (Tex. Crim. App. 1990).

 In the instant case, the State alleged "Sgt. Melendez" as the owner of the property
and alleged that appellant entered the property without the owner's effective consent. If "Sgt.
Melendez," who was apparently given a rank but no first name, was in fact "Javier Melendez"
or "Sergeant Javier Melendez" mentioned in the evidence, the State failed to prove at the time of
the commission of the alleged offense on August 6, 1991, that Melendez had title to the property
or was in possession of the property, or had the greater right of possession of the property on that
date than the appellant. See Tex. Penal Code Ann. § 1.07(a)(28) (West 1974) (defining
possession). The State is bound by its allegations in an indictment or information and must prove
them beyond a reasonable doubt. Doyle v. State, 661 S.W.2d 726, 729 (Tex. Crim. App. 1983).

 The standard for reviewing the sufficiency of the evidence is whether, viewing the
evidence in the light most favorable to the court's judgment, any rational trier of fact could have
found beyond a reasonable doubt the essential elements of the offense charged. Jackson v.
Virginia, 443 U.S. 307, 319 n.12 (1979); Valdez v. State, 776 S.W.2d 162, 165 (Tex. Crim.
App. 1989), cert. denied, 495 U.S. 963 (1990). The standard for review is the same in both
direct and circumstantial evidence cases. Geesa v. State, 820 S.W.2d 154, 158 (Tex. Crim. App.
1991); Herndon v. State, 787 S.W.2d 408, 409 (Tex. Crim. App. 1990). We conclude, viewing
the evidence in the light most favorable to the court's judgment, that a rational trier of fact could
not have found beyond a reasonable doubt the essential elements of the offense charged.

 The second point of error is sustained, and as noted, we need not reach the
constitutional question advanced by the first point of error.

 When this Court finds that the evidence is insufficient to sustain the conviction, the
constitutional guarantee against double jeopardy precludes further prosecution of the cause. Burks
v. United States, 437 U.S. 1 (1978); Greene v. Massey, 437 U.S. 19 (1978).

 The judgment is reversed and reformed to reflect an acquittal.



 

 John F. Onion, Jr., Justice

Before Justices Powers, B. A. Smith and Onion*

Reversed and Reformed

Filed: October 13, 1993

Do Not Publish




* Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by
assignment. See Tex. Gov't Code Ann. § 74.003(b) (West 1988).

1.   The information is not artfully drafted and does not consistently track statutory
language. Ownership is not an element of criminal trespass. Langston v. State, 855 S.W.2d
718, 721 (Tex. Crim. App. 1993). There was no motion to quash the information. Similar
informations alleging ownership rather than property "of another" may now, however, be
insulated from attack. See State V. Kinsey, No. 1564-92 (Tex. Crim. App. Sept. 15, 1993).