Simmons v. SOT 




NUMBER 13-93-508-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI




ATABRINE JAMES SIMMONS, Appellant,


v.



THE STATE OF TEXAS, Appellee.



On appeal from the 24th District Court of Victoria County, Texas.




O P I N I O N



Before Chief Justice Seerden and Justices Hinojosa and Chavez


Opinion by Justice Hinojosa



 Pursuant to a plea agreement with the State, appellant pleaded nolo contendere
to the offense of sexual assault of a child less than seventeen years of age and not the
spouse of appellant. The trial court deferred adjudication and placed appellant on
probation for ten years. After the State filed a motion to adjudicate, the trial court
revoked appellant's probation and assessed punishment at 12 years confinement. By
one point of error, appellant contends that the trial court committed reversible error by
refusing to permit appellant, on the day of sentencing, to withdraw his plea of nolo
contendere. We affirm.

 Appellant was charged with the offense of sexual assault of J.O., a 15 year old
child. Appellant was also charged with the offense of aggravated sexual assault of his
daughter, I.A.S., a four year old child. On April 27, 1990, appellant entered his plea
of nolo contendere to the charge of sexual assault of J.O. The trial court accepted
appellant's plea and heard the State's recommendation that the court defer any finding
of guilt and place appellant on probation for a period of ten years. The companion
case (aggravated sexual assault of I.A.S.) was dismissed on the State's motion. The
State asked the court to assess a $1,000.00 fine, plus court costs, and to impose 300
hours of community service restitution. As part of the plea bargain, appellant agreed
to serve a period of eight months in the county jail, to be satisfied by May 14, 1990. 
The State asked the court to reset the case for sentencing at that time. The trial court
agreed to take the case under advisement and set the case for sentencing on May 14,
1990. The State then proceeded to offer its evidence and agreed stipulations. 
Appellant did not object, and the trial court admitted the State's evidence and agreed
stipulations. Appellant also testified and asked the court to assess a minimum fine as
part of his sentence in light of his indigency.

 On May 14, 1990, the trial court recalled this case for sentencing. At that time,
appellant's counsel informed the court of appellant's desire to withdraw his plea of
nolo contendere and to go to trial on the charged offenses. Appellant attempted to
present evidence that the 15 year old victim had asked appellant to leave his wife and
live with her. Appellant gave the trial court a letter allegedly written by J.O. after
appellant's arrest and extradition from California. The court then stated,

 I can't consider that because the issue before me is whether
or not I can permit you to withdraw your plea. This would
be hearing new evidence, so the Court cannot do that. 
You know, if any of that was a problem to you and
available to you prior to entering the plea bargain agreement
and that's the only issue I have.


The court refused appellant's request to withdraw his plea of nolo contendere and for
a trial on the merits, stating,

 I think you are too late. We have already gone forward on
that, so unless there's some legal reason why the sentence
should not be imposed the Court is going to proceed to
impose sentence.


The court placed appellant on deferred adjudication probation in accordance with the
plea bargain. 

 On April 7, 1993, the State filed a motion to adjudicate guilt alleging that
appellant had violated six conditions of probation. After a hearing held on May 14,
1993, the court found the allegations contained in the State's motion to be true,
revoked appellant's probation, and assessed punishment at 12 years confinement.

 It is a defense to prosecution of sexual assault of a child that the child was at
the time of the offense 14 years of age or older and had, prior to the time of the
offense engaged promiscuously in conduct described in § 22.011(a)(2). Tex. Penal
Code Ann. § 22.011(d)(1) (Vernon 1989). In order to establish the affirmative defense
of promiscuity, the evidence must show that the child was 14 years or older and had
engaged promiscuously in sexual activity before, rather than after, the time of the
offense. Ramos v. State, 819 S.W.2d 939, 941 (Tex. App.--Corpus Christi 1991, pet.
ref'd). "Promiscuity" is not a defense to aggravated sexual assault. Id. at 940; see
Tex. Penal Code Ann. § 22.021(a)(2) and (d) (Vernon 1989). 

 Appellant attempted to present evidence that the 15 year old victim had asked
appellant to leave his wife and live with her. It appears that appellant may have
intended to use this evidence to show that the victim had consented. The victim,
however, could not legally consent because she was younger than 17 years and not
his spouse. See Tex. Penal Code Ann. § 22.011(a)(2) and (c)(1) (Vernon 1989). 
Consent is irrelevant to statutory rape. Hernandez v. State, 861 S.W.2d 908, 909
(Tex. Crim. App. 1993)(consent is not an element of a § 22.011(a)(2) offense). 

 A liberal practice prevails in Texas concerning the withdrawal of a guilty plea or
plea of nolo contendere. A defendant may withdraw his plea as a matter of right
without assigning reason until the judgment has been pronounced or the case has been
taken under advisement. Jackson v. State, 590 S.W.2d 514, 515 (Tex. Crim. App.
1979); Hayden v. State, 818 S.W.2d 194, 197 (Tex. App.--Corpus Christi 1990, no
pet.); see also Cano v. State, 846 S.W.2d 525, 526 (Tex. App.--Corpus Christi 1993,
no pet.). The withdrawal of a plea after the trial judge takes the case under
advisement or pronounces judgment is within the sound discretion of the trial court. 
Jackson, 590 S.W.2d at 515; Hayden, 818 S.W.2d at 197. A duty to withdraw a
plea arises only if evidence is introduced prior to the adjudication of guilt which
indicates the innocence of the accused or which reasonably and fairly raises an issue
as to such fact. Sullivan v. State, 573 S.W.2d 1, 3 (Tex. Crim. App. 1978).

 The record reflects that the case was reset for May 14, 1990, simply to proceed
with sentencing. By May 14, the State had already complied with its part of the plea
bargain agreement; it had sought and obtained a dismissal of the companion case
against appellant. By May 14, appellant had already served the agreed period of time
required by the plea bargain agreement. By the time appellant asked permission of the
trial court to withdraw his plea on May 14, the trial court had already had the case
under advisement for more than two weeks. 

 Notwithstanding the delay in sentencing, appellant failed to introduce evidence
prior to the adjudication of guilt which indicated his innocence, which established the
affirmative defense of promiscuity, or which reasonably and fairly raised an issue as
to such fact. Under the facts of this case, we hold that the trial court did not abuse
its discretion in refusing to allow appellant to withdraw his plea of nolo contendere. 
Appellant's sole point of error is overruled.

 We affirm the judgment of the trial court.


 FEDERICO G. HINOJOSA, JR.

 Justice



Opinion ordered not published.

Tex. R. App. P. 90.


Opinion delivered and filed this the 

16th day of March, 1995.