NUMBERS 13-99-240-CR & 13-99-241-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


DURELLE L. BLACKWELL
, Appellant,


v.



THE STATE OF TEXAS
, Appellee.

___________________________________________________________________


On appeal from the 232nd District Court


of Harris County, Texas.


____________________________________________________________________


O P I N I O N



Before Justices Hinojosa, Chavez, and Rodriguez


Opinion by Justice Rodriguez


 

 

 Appellant Durelle Blackwell was convicted of felony theft of cash
money(1) after entering a plea of guilty pursuant to a plea bargain
agreement. Appellant contends (1) he was denied effective
assistance of counsel at trial, (2) his plea was involuntary, (3) the trial
court abused its discretion in failing to grant the appellant's motion
for new trial. We affirm. 

 On January 7, 1998, appellant was first indicted with the state
jail felony offense of theft of cash valued at over one thousand five-hundred dollars and under twenty thousand dollars. Appellant
entered a plea of guilty to the court with an agreed recommendation
of four years deferred adjudication. The trial court sentenced
Blackwell in accordance with the recommendations. The State later
filed a motion to adjudicate guilt, alleging failure to perform
community service hours. The following day, the State indicted
Blackwell with a new violation of theft of cash money. Blackwell
entered a plea of guilty to the second indictment with an agreed
recommendation of nine months confinement. Thereafter, the trial
court granted Blackwell's request for a substitution of attorneys. 
Immediately prior to sentencing, appellant filed a "motion to withdraw
plea of true to motion to adjudicate and plea of guilty to felony theft"
which alleged involuntary pleas and ineffective assistance of counsel
as to the plea from the second offense. The motion was denied and
appellant was sentenced. Appellant immediately filed a motion for a
new trial which was also denied. Appellant was granted permission
to appeal by the trial court as required by Tex. R. App. P. 25.2(b)(3)(C).

In his first point of error, appellant contends he was denied
effective assistance of counsel. To reverse a conviction based on
ineffective assistance of counsel, the appellate court must find: (1)
counsel's representation fell below an objective standard of
reasonableness and (2) there is a reasonable probability that, but for
counsel's unprofessional errors, the result of the proceeding would
have been different. Strickland v. Washington, 466 U.S. 668, 695
(1984). The Strickland test was adopted in Texas in Hernandez v.
State, 726 S.W.2d 53, 56-57 (Tex. Crim. App. 1986). This standard
applies to challenges to guilty pleas and requires that the defendant
show that counsel's representation fell below objective standards of
reasonableness, and that there is a reasonable probability that, but for
counsel's unprofessional errors, he would not have pleaded guilty and
would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59
(1985); Hayden v. State, 818 S.W.2d 194 (Tex. App.--Corpus Christi
1991, no pet.). The appellant has the burden of proving ineffective
counsel by a preponderance of the evidence. Cannon v. State, 660
S.W.2d 401, 403 (Tex. Crim. App. 1984). There is a strong
presumption that the trial counsel's conduct was reasonable and
constitutes sound trial strategy. Strickland, 466 U.S. at 689. An
allegation of ineffective counsel will be sustained only if it is firmly
founded in the record and the record affirmatively demonstrates the
alleged ineffectiveness. McFarland v. State 928 S.W.2d 482, 500
(Tex. Crim. App. 1996). 

Appellant's complaint regarding ineffective counsel is based
upon assertions that his trial counsel (1) failed to fully investigate the
case to prepare a defense, (2) failed to interview witnesses, (3) failed
to prepare the appellant for trial and did not inform appellant he could
present any evidence of his compliance with the probation conditions,
(4) failed to prepare for trial and did not intend to offer the appellant a
choice to go to trial, and (5) improperly promised appellant that he
could renegotiate an agreed plea and that the plea was temporary,
which led appellant to believe he would be reinstated on probation
and not go to jail.

Beyond the bare allegations in his brief, appellant's contentions
are not supported by the record. There is nothing to show that
counsel failed to investigate in preparation of a defense; on the
contrary, he was prepared to introduce a receipt showing that
appellant had paid restitution. Moreover, counsel had appellant's
probation officer on hand to testify regarding appellant's compliance
with the terms of his probation. As for his failure to interview
potential witnesses, the record does not show what the content of
the absent witnesses's testimony would be except to say that they
would testify about "how everything came down, the deal on the four
wheelers." It does not indicate that such testimony would serve as
any defense. Contrary to appellant's testimony, counsel testified that
he was prepared to go to trial and that he "never, never, never, never"
told appellant it was a temporary plea. 

Even assuming, arguendo, that counsel's representation was
below the objective standard of reasonableness, there is not a
reasonable probability that but for counsel's unprofessional errors,
appellant would not have pleaded guilty and would have insisted on
going to trial. The evidence available to the trial court includes the
self-serving statements made by the defendant that he would not
have accepted the plea if counsel had not made the misrepresentation
that it was temporary and that there would be no jail time. Also
included as evidence were a waiver of constitutional rights,
stipulation of evidence, judicial confession, written admonishments
by the trial court, and the plea of guilty, all signed by the appellant,
which acknowledge that appellant understood the waiver of his rights
and the consequences of his plea. Appellant signed the written
admonishments by the trial court stating, "I have read and I
understand this document, the Waiver of Constitutional Rights,
Agreement to Stipulate, Judicial Confession and Plea of Guilty filed in
this case." The admonishment also states, "I understand the
consequences of my plea." Despite appellant's claim that he was
unaware of the recommendation for jail time, the recommendation
was clearly stated in the stipulation of evidence. The plea of guilty,
signed by appellant's counsel, acknowledged he fully discussed the
consequences of the plea with appellant. The plea is also signed by
the judge stating she admonished the defendant of the consequences
of his plea. Furthermore, appellant has not demonstrated that, but for
counsel's unprofessional errors, he would not have pleaded guilty and
would have insisted on going to trial. Appellant's first point of error is
overruled.

In his second point of error, appellant claims his plea was
involuntary due to misrepresentations made by counsel. An
involuntary guilty plea must be set aside. Williams v. State, 522
S.W.2d 483, 485 (Tex. Crim. App. 1975). When the record reflects
the trial court properly admonished the defendant, there is a prima
facie showing that the guilty plea was entered knowingly and
voluntarily. Martinez v. State, 981 S.W.2d 195, 197 (Tex. Crim. App.
1998) (en banc). The defendant may still claim that his plea was not
voluntary; however, the burden shifts to the defendant to
demonstrate that he did not fully understand the consequences of his
plea such that he suffered harm. Id. 

The record in the case at bar reflects the appellant was properly
admonished by the trial court. First, the record contains written
admonishments by the trial court which the appellant signed
acknowledging, inter alia, "I understand the charge against me, and I
understand the nature of these proceedings. I am entering my guilty
plea freely and voluntarily. . . . I have read and I understand the
admonishments set out above. I understand the consequences of my
plea." Second, the waiver of constitutional rights, agreement to
stipulate, and judicial confession signed by appellant recites, "I am
satisfied that the attorney representing me today in court has properly
represented me and I have fully discussed this case with him." Third,
the same three documents are signed by the trial court judge, stating,
"After I admonished the defendant of the consequences of his plea, I
ascertained that he entered it knowingly and voluntarily after
discussing the case with his attorney. It appears the that defendant
is mentally competent and the plea is free and voluntary." Fourth, the
same documents are signed by appellant's counsel, asserting
counsel's belief the plea was executed voluntarily after he discussed
the consequences with the appellant. 

There is a prima facie showing that the appellant's plea was
entered knowingly and voluntarily. The only support for the
appellant's contention that his plea was involuntary is his own
testimony. However exceptional the circumstances, a defendant's
claim he was misinformed by counsel, standing alone, is not enough
for us to hold his plea was involuntary. Fimberg v. State, 922 S.W.2d
205, 208 (Tex. App.--Houston [1st Dist.] 1996, pet. ref'd). In cases in
which a guilty plea has been held to be involuntary, the record must
contain confirmation of the misinformation by counsel, or documents
augmenting the defendant's testimony that reveal the misinformation
and show its conveyance to defendant. Id.; Ex parte Griffin, 679
S.W.2d 15, 17 (Tex. Crim. App. 1984). Given the prima facia
showing that the plea was voluntary, and the absence of independent
corroborating evidence in the record indicating appellant was
misinformed, we hold appellant's plea of guilty was voluntary. 
Appellant's second point of error is overruled. 

 In his third point of error, appellant contends the trial court
committed an abuse of discretion in overruling his motion for new
trial. The granting of denying of a motion for new trial lies within the
discretion of the trial court. Lewis v. State, 911 S.W.2d 1, 7 (Tex.
Crim. App. 1995). An appellate court does not substitute its
judgment for that of the trial court, but rather decides whether the
trial court's decision was arbitrary or unreasonable. Id. The trial judge
is the sole judge of the credibility of the witnesses at a motion for
new trial hearing. See id. Because the evidence before the trial judge
supports his findings that counsel was not ineffective and that the
plea was voluntary, we find no abuse of discretion in the denial of
appellant's motion for new trial.

 We AFFIRM the judgment of the trial court. 

 NELDA V. RODRIGUEZ

 Justice


Do not publish. 

Tex. R. App. P. 47.3.


Opinion delivered and filed 

this the 13th day of July, 2000.

 

1. Tex. Pen. Code § 31.03(a) (Vernon 1994).