NUMBER 13-99-663-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

 ___________________________________________________________________ 


ROBERT P. HERNANDEZ, JR. , Appellant, 



v.

 

THE STATE OF TEXAS , Appellee. 

___________________________________________________________________ 



On appeal from the 36th District Court

of Aransas County, Texas.

 ____________________________________________________________________ 



O P I N I O N

 
Before Chief Justice Seerden and Justices Dorsey and Rodriguez 

Opinion by Chief Justice Seerden

 

 This is an appeal from convictions for attempted capital murder(1)and aggravated robbery(2) following an open plea of
guilty. 

 On June 26, 1999, Robert P. Hernandez, Jr., appellant, and a cohort, Lee Carle, called for a cab with the intention of
robbing the cab driver and stealing his vehicle. After the two men entered the cab, one of the men stabbed the driver,
Floyd Turner, multiple times during the course of robbing him. Appellant was indicted for attempting to cause the
death of an individual while in the course of committing or attempting to commit robbery (attempted capital murder)
and for intentionally or knowingly causing serious bodily injury to an individual in the course of committing theft
(aggravated robbery). Appellant's retained counsel negotiated a plea bargain with the State and on the day of trial, the
agreement was presented to the trial court. The court refused to accept the agreement. Appellant then entered an open
plea of guilty as to both charges. After appellant was sentenced, he filed a motion for new trial, contending that his
plea of guilty was involuntarily made because he did not receive effective assistance of counsel. The trial court heard
appellant's evidence and argument and denied appellant's motion. This appeal ensued. 

 By his third issue, appellant contends that the trial court erred in accepting his pleas as to both counts because it
constitutes double punishment for the same offense. In short, appellant contends that in this circumstance, aggravated
robbery is the lesser-included offense of attempted capital murder because the underlying felony which capitalizes the
attempted murder charge is the robbery. We agree with this assertion. The greater inclusive and lesser-included
offenses are the same for jeopardy purposes. Parrish v. State, 869 S.W.2d 352, 354 (Tex. Crim. App. 1994). Here,
count one of the indictment charged: 

 [Appellant] . . . with the specific intent to commit the offense of capital murder, [appellant] did then and there attempt
to intentionally cause the death of an individual, Floyd Turner, by cutting and stabbing the said Floyd Turner with a
knife while in the course of committing or attempting to commit robbery . . . . 



Similarly, count two of the indictment charged: 



 [Appellant]. . . did then and there, while in the course of committing theft, to-wit, in an attempt to commit, during the
commission of, or in immediate flight after commission of theft of property . . . intentionally or knowingly cause
serious bodily injury to Floyd Turner by cutting or stabbing the said Floyd Turner with a knife. 



Proof of the attempted capital murder charge necessarily entailed proof of the aggravated robbery charge embodied in
count two. Thus, the aggravated robbery charge is a lesser-included offense of the attempted capital murder charge.
See e.g., Queen v. State, 940 S.W.2d 781, 785 (Tex. App.--Austin 1997, pet. ref'd) (citing Whalen v. United States, 445
U.S. 684, 693-94 (1980)) (where all elements of aggravated robbery included within capital murder charge in the
indictment, it is presumed that the two offenses were the same for double jeopardy purposes); cf. Cervantes v. State,
815 S.W.2d 569, 574 (Tex. Crim. App. 1991). Appellant cannot be punished for both offenses without violating the
constitutional protections against double jeopardy. U.S. Const., amends V, XIV. Because attempted capital murder is
a more serious offense than aggravated robbery, the judgment convicting appellant of the latter offense will be set
aside. Ex parte Pena, 820 S.W.2d 806, 808-09 (Tex. Crim. App. 1991). Thus, appellant's third issue is sustained. 

 By his first and second issues, appellant contends that trial counsel failed to conduct a meaningful investigation into
the allegations against him, thereby depriving him of effective assistance of counsel and rendering his plea involuntary.
In order to prevail on a claim of ineffective assistance, appellant must demonstrate, by a preponderance of the
evidence, that there is a reasonable probability that but for counsel's deficient performance, the result of the proceeding
would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984); Valencia v. State, 946 S.W.2d 81, 83
(Tex. Crim. App. 1997). Thus, appellant must show not only that counsel failed to function "as counsel," but also that
that failure resulted in harm. Id. Our review is highly deferential inasmuch as we indulge "a strong presumption that
counsel's conduct falls within a wide range of reasonable representation." McFarland v. State, 928 S.W.2d 482, 500
(Tex. Crim. App. 1996). 

 Here, appellant testified at the hearing on his motion for new trial. He stated that he met with counsel on one occasion,
for ten to fifteen minutes, prior to entering his plea. Appellant testified that his counsel did not discuss with him the
status of any investigation into the charges or the possibility of interviewing any additional witnesses. He further
stated that counsel did not explain the elements of the charged offenses or inquire into the circumstances under which
appellant gave his confession. Appellant also presented the testimony of a board-certified criminal law attorney, who
opined that counsel had failed to conduct an adequate investigation into the case, and accordingly, had rendered
ineffective assistance. After hearing this evidence, the trial court denied the motion. 

 There is nothing in the record which suggests that additional investigation would have turned up any new or
exculpatory evidence. Counsel reviewed the relevant police reports and the confessions offered by both appellant and
his co-conspirator. Without a showing that there was a need for any additional investigation, we cannot say that the
alleged failure to undertake further investigation constitutes ineffective assistance of counsel. There is nothing in the
record which evidences any prejudice or harm to appellant resulting from counsel's representation. Appellant's first
and second issues are overruled. 

 By his fourth and fifth issues, appellant challenges the legal and factual sufficiency of the evidence to support his
conviction. When conducting a legal sufficiency analysis, we view the evidence in the light most favorable to the
verdict to determine whether a rational trier of fact could have found the essential elements of the crime proven beyond
a reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (1979);Williams v. State, 937 S.W.2d 479, 482 (Tex. Crim.
App. 1996). By contrast, our review of factual sufficiency claims requires us to determine whether the verdict is so
contrary to the overwhelming weight of the evidence as to be clearly wrong and patently unjust. Clewis v. State, 922
S.W.2d 126 (Tex. Crim. App. 1996). 

 The record shows that at the time appellant entered his guilty plea, the trial court admitted State's exhibit number one
without objection. State's exhibit one consists of appellant's stipulation and judicial confession. In his confession,
appellant stated that he was aware that Carle intended to rob the driver at knifepoint. Appellant admitted that he
knowingly entered the taxi with Carle and confessed that he remained in the cab until he was aware that the driver had
been stabbed repeatedly and wounded. Appellant admitted to knowing the plan and acknowledged that he did nothing
to prevent the offense. 

 An individual may be convicted of a particular crime if he aids another in committing the crime or if he fails to make a
reasonable effort to prevent the commission of the offense. Tex. Penal Code Ann. § 7.02(a)(2)&(3) (Vernon 2000). A
person is guilty of attempted capital murder if the evidence shows that he undertook an act amounting to more than
mere preparation that tends but fails to effect the murder of an individual in the course of committing robbery. Tex.
Penal Code Ann. §§ 15.01(a) & 19.03(a)(2) (Vernon 2000). Here, appellant's judicial confession is ample evidence
that he was aware of Carle's plan and participated in effectuating the offense under the law of parties. Moreover, the
confession demonstrates that during the course of committing a robbery, Carle stabbed the cab driver and thereby
committed an act which was intended to cause serious bodily injury. See Tex. Penal Code Ann. § 19.02(b)(2) (Vernon
2000) (individual commits murder if he intends to cause serious bodily injury and commits an act that causes the death
of the individual). An unrepudiated judicial confession is deemed sufficient to support a guilty plea and conviction.
Potts v. State, 571 S.W.2d 180, 182 (Tex. Crim. App. 1978); Hayden v. State, 818 S.W.2d 194, 196 (Tex.
App.--Corpus Christi 1991, no pet.). We find that the evidence here was both legally and factually sufficient to
support the trial court's judgment of conviction for attempted capital murder. 

 The judgment of conviction on the charge of aggravated robbery is REVERSED and a judgment of acquittal
RENDERED. In all other things, the judgment of the trial court is AFFIRMED. 





 

 ROBERT J. SEERDEN, Chief Justice 



Do not publish . 

Tex. R. App. P. 47.3. 



Opinion delivered and filed 

this 29th day of December, 2000. 

 

1. Tex. Penal Code Ann. §§ 15.01(a) & 19.03(a)(2) (Vernon 2000).

2. Tex. Penal Code Ann. § 29.03(a)(1)&(2) (Vernon 2000).