**Santiago Dominguez MUNOZ, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**Nos. 13–91–334–CR, 13–91–335–CR.**

Court of Appeals of Texas,
Corpus Christi.

Sept. 17, 1992.

Rehearing Overruled Oct. 15, 1992.

Discretionary Review Refused
Jan. 27, 1993.

Joseph Connors, III, McAllen, for appellant.

Luis V. Saenz, John A. Olson, Brownsville, for appellee.

Before NYE, C.J., and SEERDEN and GILBERTO HINOJOSA, JJ.

## OPINION

NYE, Chief Justice.

Santiago Munoz appeals from two convictions of illegal investment.[1] Both convictions resulted from plea bargain agreements. The trial court assessed punishment at eight years' imprisonment for each offense.

On cause number 1274–E, appellant brings twenty-one points of error, claiming that the judgment recitals are incorrect, that the trial court wholly failed to admonish him before accepting his guilty plea, that appellant did not personally enter his plea, and that insufficient evidence exists to convict.

On cause number 495–E, appellant complains by eleven points of error that his plea was involuntary, that his attorney rendered ineffective assistance, that insufficient evidence exists to convict, and that the trial court failed to admonish him. We affirm both judgments.

### Cause Number 1274–E (13–91–334–CR)

By his first point of error, appellant complains that the judgment is incorrect because it states that appellant was sentenced pursuant to a guilty plea entered on February 4, 1991, when appellant's guilty plea was actually made on April 30, 1991. To resolve appellant's point, a review of the events leading to appellant's plea is necessary. On February 4, 1991, a plea hearing was held in which the trial court admonished appellant, and appellant entered his

---

1. Tex. Health & Safety Code Ann. § 481.126 (Vernon 1992) provides that a person commits an offense if he knowingly or intentionally finances or invests funds he knows or believes are intended to further the commission of certain offenses listed in the Controlled Substances Act.

guilty plea according to a plea agreement. The State introduced the police officers' reports and appellant's written waiver and consent to stipulation of testimony, waiver of jury, and plea of guilty. The trial judge accepted appellant's guilty plea but refused to state whether he would follow the plea agreement until after he received a presentence investigation report.

On March 22nd, after the reports were prepared, the trial court held another hearing. Appellant's attorney informed the trial court that, since the February proceeding, appellant had been arrested for a second drug transaction. Hearing this, the court refused to follow the plea agreement, appellant withdrew his guilty plea, and the causes were set for trial.

On April 30th, appellant appeared and re-urged his guilty plea under a renegotiated agreement. The trial court asked if he should admonish appellant again, and his counsel said, "No." Nonetheless, the trial court inquired personally of appellant whether they had been through this case once before, whether the court had accepted the evidence, whether appellant wished to re-urge his plea, and whether the plea was made freely and voluntarily. Appellant personally responded affirmatively to each of these questions. After receiving these assurances that the plea was voluntary, the trial judge accepted appellant's plea.

■ Although the circumstances are somewhat unusual, we find no error in the judgment recitals that appellant entered his guilty plea on February 4th, the date of original entry. It was on February 4th when appellant was admonished and the evidence to support the plea was introduced. The events on April 30th were merely a reassertion of the events which already occurred. Appellant's first point of error is overruled.

■ By points two through fifteen, appellant claims that the trial court erred in failing to admonish him and in failing to first determine if appellant's plea was voluntary. We overrule all these points. The record shows that the trial judge orally admonished appellant on February 4th, and

the admonishments complied with the Code of Criminal Procedure. Moreover, the plea papers show that appellant received and signed written admonishments. The trial judge approved the plea papers containing the written admonishments by signing a statement reciting his satisfaction with the same and ordering the documents to be filed in the papers of the case. The written documents constitute substantial compliance with Texas Code of Criminal Procedure article 26.13 (Vernon 1989). *Blanco v. State,* 771 S.W.2d 598, 599 (Tex.App.—Corpus Christi 1989, no pet.).

■ At the April 30th hearing, appellant stated that he wished to re-urge his February guilty plea. He waived re-arraignment and waived any further admonishment. Appellant told the trial court that he was pleading guilty voluntarily. A defendant in a criminal prosecution for any offense may waive any rights secured him by law except that of trial by jury in a capital felony case. TEX.CODE CRIM.PROC.ANN. art. 1.14(a) (Vernon Supp.1992). Illegal investment is not a capital felony offense. Appellant does not complain that the waiver was made without his knowledge and consent. He makes no showing that he was unaware of the consequences of his plea or that he was misled or harmed by the court's admonishment. *Blanco,* 771 S.W.2d at 599. We overrule points of error two through fifteen.

■ By points sixteen through twenty, appellant claims that the judgment is without evidentiary support since appellant withdrew his original guilty plea and his stipulation of evidence was never re-introduced. We disagree. After the trial court accepted appellant's plea on April 30th, he stated, "[H]aving accepted the [State's] evidence once before, referring back to that admission of evidence, [that leaves] only punishment." Defense counsel agreed. Appellant did not object to the trial court's adjudication of guilt based on the State's previously admitted evidence. Evidence which the parties treat as admitted is deemed admitted. *See generally Heberling v. State,* 834 S.W.2d 350, 355 (Tex.

Crim.App. 1992); *see also Cammack v. State*, 645 S.W.2d 866, 868 (Tex.App.—Dallas 1983, pet. ref'd) (withdrawal of a guilty plea does not automatically result in withdrawal of judicial confession). Sufficient evidence existed such that a rational trier of fact could have found every element of the offense beyond a reasonable doubt. We overrule points sixteen through twenty.

■ By point twenty-one, appellant contends that the law mandates reversal because appellant did not personally plead guilty. A plea of guilty or nolo contendere in a felony case must be made in open court by the defendant in person. TEX. CODE CRIM.PROC.ANN. art. 27.13 (Vernon 1989). Appellant personally answered the trial judge in the affirmative when asked if he wanted to reurge his previous guilty plea. No evidence in the record shows that appellant did not intend to plead guilty. We find no error. *Shields v. State*, 608 S.W.2d 924, 927 (Tex.Crim.App.1980); *Adkinson v. State*, 762 S.W.2d 255, 257–60 (Tex.App.—Beaumont 1988, pet. ref'd); *see generally Tindel v. State*, 830 S.W.2d 135, 136–37 (Tex.Crim.App.1992).

We affirm the trial court's judgment on cause number 1274–E.

Cause Number 495–E (13–91–335–CR)

Appellant's second conviction for illegal investment also resulted from a plea bargain.

■ By points five, six, and seven, appellant claims that the trial court reversibly erred by denying his motion for new trial and failing to order an acquittal because the State's evidence was insufficient to support his guilty plea, and because the State failed to prove appellant's guilt as charged. Appellant stipulated that each and every allegation in the indictment was true and correct. Such language constitutes a judicial confession and is alone sufficient to support a conviction. *Potts v. State*, 571 S.W.2d 180, 182 (Tex.Crim.App. 1978); *Elliott v. State*, 768 S.W.2d 351, 353 (Tex.App.—Corpus Christi 1989, no pet.). Points five, six, and seven are overruled.

In points one, two, and three, appellant claims that his guilty plea was not knowingly and voluntarily made. All of these points are based on the premise that, although appellant pleaded guilty and judicially confessed, the facts of the case show as a matter of law that he was not guilty. By point four, appellant claims that, but for his attorney's faulty advice, he would not have pleaded guilty. Because all of these points are essentially based on the assertion that appellant could not be guilty of the offense, we will review the facts in some detail.

As this was a guilty plea supported by a judicial confession, the only facts actually presented to the court were contained in a police report. The report shows that on March 19, 1991, undercover police officer Vasquez met with a man who identified himself as Francisco. Francisco stated that he had some friends who wanted to buy 200 pounds of marihuana. Vasquez and Francisco agreed on a price of $350 per pound. When Francisco stated that he had to show a sample of the marihuana to his friends, Vasquez supplied a sample, and Francisco left.

About two hours later, Vasquez contacted Francisco, who now said that his friends wanted to see a larger sample. About an hour later, Vasquez brought the larger sample to a motel room where appellant and others were located. The group approved of the marihuana, and appellant asked Vasquez when he could deliver. Vasquez said he needed about an hour. Appellant said that if everything went fine, he would buy between 200 and 500 pounds of marihuana a week, which he would take to Florida and sell. Vasquez left, telling appellant he would get 200 pounds.

About three hours later, Vasquez met with Francisco and another man, identified as Ricardo, to make the delivery. At this time, Ricardo said that they wanted to buy only thirty-five pounds and that if everything went fine, they would buy the other 165 pounds later. When Ricardo produced money, other officers moved in and made the arrest. The police confiscated $12,688.

Appellant was indicted for financing or investing funds to further the commission of the offense of aggravated delivery of marihuana. A person can be guilty of aggravated delivery only if the amount of marihuana delivered exceeds fifty pounds. Tex. Health & Safety Code Ann. § 481.-120(c) (Vernon 1992).

Appellant contends that because appellant's associates only possessed enough money to buy about thirty-five pounds of marihuana, appellant cannot be guilty of investing funds to further the commission of aggravated delivery, and therefore, his plea was involuntary and his counsel provided ineffective assistance in permitting appellant to plead guilty.

We disagree. First, we are dealing with a case which, because the guilty plea was supported by a judicial confession, the State was not required to introduced any additional evidence to incriminate appellant. As such, the State may not have introduced all of its evidence to support the case against appellant. We do not know what other money may have been committed or exactly what appellant's role was in financing the operation. To rule in appellant's favor, we would have to find that the police report included all the incriminating facts. This Court is not a factfinder and cannot determine that the report includes, or does not include, all the evidence incriminating appellant. *See Hayden v. State,* 818 S.W.2d 194, 198 (Tex.App.—Corpus Christi 1991, no pet.).

Second, we do not accept appellant's theory that the transaction involved in this case was not intended to further the commission of the delivery of more than fifty pounds of marihuana. Appellant first indicated that if this transaction went fine, he would purchase between 200 and 500 pounds a week. Later, Ricardo stated that if the transaction went fine, they would purchase the additional 165 pounds later. It appears that the transaction was a test run to further the commission of the later delivery of an aggravated amount of marihuana.

The State only had to show that appellant knowingly and intentionally invested funds that he knew or believed were intended to further the commission of an unlawful act—the delivery of more than fifty pounds of marihuana. *Beck v. State,* 741 S.W.2d 516, 519 (Tex.App.—Corpus Christi 1987, pet. ref'd); *see also Ex Parte Guerrero,* 811 S.W.2d 726, 728 (Tex.App.—Corpus Christi 1991, no pet.); Tex.Health & Safety Code Ann. §§ 481.126, § 481.120(c) (Vernon 1992). No actual transfer of the funds or the substance is required to complete the offense. *Beck,* 741 S.W.2d at 519; *see Rezapour v. State,* 817 S.W.2d 67, 68 (Tex.Crim.App.1991). The accused completes the crime when he supplies money or commits funds with the intent to further possession or delivery. *See Ex Parte Guerrero,* 811 S.W.2d at 728; *see also Estrada v. State,* 810 S.W.2d 447, 450 (Tex. App.—San Antonio 1991, pet. ref'd).

As for whether the plea was voluntary, the rule is that the voluntariness of a guilty plea is determined by the totality of the circumstances. *Gibson v. State,* 747 S.W.2d 68, 70 (Tex.App.—Corpus Christi 1988, no pet.). At the plea hearing, the trial court inquired into the voluntariness of appellant's plea. Appellant stated that he was pleading guilty voluntarily, based upon the advice of counsel. Counsel affirmed that he had discussed the plea papers with appellant, and he was satisfied that appellant understood the charges against him. The colloquy between the trial judge and appellant shows that the appellant stated that he understood the nature of the charges against him and he wanted to plead guilty. Refusing to accept appellant's argument that the evidence is insufficient to support the plea, we find no basis to hold the plea involuntary. Points one through three are overruled.

By point four, appellant claims that, but for his attorney's faulty advice, he would not have pleaded guilty to the offense of illegal investment. Appellant alleges that his trial attorney made no independent investigation into the facts or the law of his case. If counsel had, appellant claims, it would have been apparent that the State

could not prove the aggravating element because the buyers attempted to purchase no more than thirty-six pounds of marihuana.

When a defendant enters a guilty plea upon his counsel's advice, the voluntariness of the plea depends upon whether counsel's advice was within the range of competence demanded of attorneys in criminal cases. *Hill v. Lockhart,* 474 U.S. 52, 57, 106 S.Ct. 366, 369, 88 L.Ed.2d 203 (1985). To prove his claim of ineffective assistance, appellant must show two things: (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that there is a reasonable probability that, but for counsel's errors he would not have pleaded guilty and would have insisted upon going to trial. *Hill,* 474 U.S. at 57, 106 S.Ct. at 369; *Ex Parte Pool,* 738 S.W.2d 285, 286 (Tex.Crim. App.1987); *Pena v. State,* 776 S.W.2d 746, 750 (Tex.App.—Corpus Christi 1989, pet ref'd); *Torres v. State,* 788 S.W.2d 709, 712 (Tex.App.—Corpus Christi 1990, no pet.). The adequacy of counsel's assistance must be gauged by the totality of the representation. *Pena,* 776 S.W.2d at 750. There is a strong presumption that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Strickland v. Washington,* 466 U.S. 668, 669, 104 S.Ct. 2052, 2055, 80 L.Ed.2d 674 (1984).

At the hearing on appellant's motion for new trial, appellant's new attorney complained that the evidence was insufficient to support the plea and conviction because the buyers only tried to obtain thirty-six pounds. Neither appellant, nor appellant's original trial attorney testified on the motion for new trial. The record does not show any claim by appellant that, but for inept advice from counsel, he would not have pleaded guilty.

As is often the case when ineffective assistance of counsel is alleged on direct appeal, we cannot say from the face of the record that counsel's performance was deficient. *See Hernandez v. State,* 726 S.W.2d 53, 55 (Tex.Crim.App.1986); *Williams v. State,* 799 S.W.2d 447, 449–50

(Tex.App.—Corpus Christi 1990, pet. ref'd). We simply cannot determine from the record that appellant was not guilty or that counsel performed deficiently by permitting his client to plead guilty. Accordingly, point four is overruled.

By points eight through eleven, appellant claims the trial court reversibly erred because the judge failed to admonish him that pleading guilty could result in his deportation. TEX.CODE CRIM.PROC.ANN. art. 26.13(a)(4) (Vernon 1989). Appellant is not a United States citizen. The record shows that the trial court did not orally admonish appellant regarding deportation. After accepting the guilty plea, the court received into evidence appellant's previously executed Written Waiver and Consent to Stipulation of Testimony, Waiver of Jury, and Plea of Guilty. This document contained the admonition to non-citizens. It was signed by appellant, appellant's attorney, and the trial judge. Article 26.13(d) allows the trial court to admonish the defendant orally or in writing. The written document containing the admonishment fulfilled the requirement of article 26.13(a)(4). *Blanco v. State,* 771 S.W.2d at 599. Points eight through eleven are overruled.

After carefully examining the record we find that there is no reversible error. Accordingly, we affirm the trial court's judgment on cause number 495–E.