NUMBER 13-99-286-CR

COURT OF APPEALS


THIRTEENTH DISTRICT OF TEXAS


CORPUS CHRISTI - EDINBURG

 



FIDEL MALLETT, Appellant,



v.



THE STATE OF TEXAS , Appellee.

 


On appeal from the 105th District Court 

of Nueces County, Texas.

 



 OPINION ON REMAND



Before Chief Justice Valdez and Justices Hinojosa and Rodriguez

Opinion by Chief Justice Valdez

 

 Without a plea bargain, appellant, Fidel Ricardo Mallett, entered a plea of guilty to the offenses of aggravated assault on a
peace officer, criminal mischief, burglary of a building, and theft. The trial court found him guilty of all four offenses and
sentenced him to sixteen years imprisonment for aggravated assault on a peace officer, two years for criminal mischief, two
years for burglary of a building, and five years for theft. On remand, appellant argues the trial court erred in accepting pleas
which were given involuntarily due to mental incapacity. We affirm.

Procedural History

 After punishment was assessed, appellant filed a motion for new trial, which was denied by the trial court. On appeal, this
Court found counsel to be ineffective thereby reversing Mallet's conviction and remanding this cause for a new trial. The
State subsequently filed a motion for rehearing which was denied. The State Prosecuting Attorney filed a petition for
discretionary review with the Texas Court of Criminal Appeals. That court held that Mallett's attorney was not ineffective,
reversing and remanding this case "for consideration of Mallett's remaining point of error." 

Analysis

 Appellant argues through his sole reviewable point of error (1) that the trial court erred in accepting his guilty pleas because
they were not freely and voluntarily made. He contends that the pleas were involuntary because he had not taken his
medication at the time the pleas were entered. 

 Voluntariness of a guilty plea is determined by the totality of the circumstances. Munoz v. State, 840 S.W.2d 69, 74 (Tex.
App.-Corpus Christi 1992, pet. ref'd). A guilty plea may not be accepted by the trial court unless it appears that the
defendant entered the plea freely and voluntarily. Tex. Code Crim. Proc. Ann. art. 26.13(b) (Vernon 1989). Prior to
accepting a plea of guilty or nolo contendere, the trial court must admonish the defendant in compliance with article 26.13
of the Texas Code of Criminal Procedure. Id. The court may make admonitions either orally or in writing. Tex. Code
Crim. Proc. Ann. art 26.13(d) (Vernon 1989). As to the mental competency of the defendant, no plea of guilty or nolo
contendere shall be accepted by the court unless it appears that the defendant is mentally competent and the plea is free and
voluntary. Tex. Code Crim. Proc. Ann. art 26.13(b) (Vernon 1989). The Texas Court of Criminal Appeals has declared
that unless an issue is made of the accused's insanity or mental competency at the time of the plea the court need not ask
questions or hear evidence on the issue. Kuyava v. State, 538 S.W.2d 627, 628 (Tex. Crim. App. 1976). This interpretation
is strengthened when the "court has had opportunity to observe the accused in open court, hear him speak, observe his
demeanor and engage him in colloquy as to the voluntariness of his plea." Id.

 In the present case, the trial court solicited trial counsel's affirmative opinion of appellant's competence and both appellant
and trial counsel signed a waiver form representing in writing that appellant was mentally competent. The trial court was
entitled to rely upon that written representation of competence. See Rodriguez v. State, 850 S.W.2d 603, 607 (Tex. App.-El
Paso 1993, no pet.). Moreover, the trial court questioned appellant at length and appellant answered the trial court's
questions lucidly. See Stone v. State, 638 S.W.2d 629, 632 (Tex. App.-Houston [1st Dist.] 1982, pet. ref'd) (clear and lucid
testimony is evidence of competency). Neither appellant nor counsel argued at the hearing that appellant lacked sufficient
mental capacity. Furthermore, at the hearing, appellant testified as to the circumstances of the offense, expressed remorse,
and promised to do what was necessary in an attempt to have the trial court place him on community supervision. When
given an opportunity to explain why the sentences should not be imposed upon him he said nothing. 

 We conclude the trial court's inquiry into appellant's competence, which included colloquy with appellant and written
waivers signed by appellant and counsel as to his mental competency, was sufficient to satisfy article 26.13. Tex. Code
Crim. Proc. Ann. art. 26.13(b) (Vernon 1989).

Conclusion

 We overrule appellants's sole reviewable point of error. The judgment of the trial court is affirmed.



ROGELIO VALDEZ

Chief Justice





Do Not Publish 

Tex. R. App. P. 47.2(b)



Opinion delivered and filed

this 20th day of February, 2003.

1. Appellant makes a preliminary argument that the "Court of Criminal Appeals erroneously granted review" because it
granted the State's petition concerning "arguments . . . not previously presented to this Court." See State v. Consaul, 982
S.W.2d 899, 907 (Tex. Crim. App. 1998) (the court of criminal appeals "will not reach the merits of any party's contention
when it has not been addressed by the lower appellate court.). Notwithstanding the merits of appellant's argument, appellant
has failed to cite authority upon which we can review the court of criminal appeals decisions, and we find none.
Additionally, we recognize that the court of criminal appeals reversed this case and further ordered this Court to review
"Mallett's remaining point of error." As such, we do not address appellant's contention of alleged error by the court of
criminal appeals.