Affirmed and Memorandum Opinion filed October 27, 2005









Affirmed and Memorandum Opinion filed October 27,
2005.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00950-CR

____________

 

SEAN CARLO JONES, Appellant

 

V.

 

THE STATE
OF TEXAS, Appellee

________________________________________________________________

 

On Appeal from the 179th
District Court

Harris County,
Texas

Trial Court Cause No. 942,254

________________________________________________________________

 

M E M O R A N D U M   O P I N I O N

Appellant entered a plea of guilty to the offense of engaging
in organized crime.  On September 22,
2004, the trial court sentenced appellant to confinement for fifteen years in
the Institutional Division of the Texas Department of Criminal Justice, and assessed
a fine of $10,000.  Appellant filed a pro
se notice of appeal.








Appellant=s appointed counsel filed a brief in which he concludes the
appeal is wholly frivolous and without merit. 
The brief meets the requirements of Anders v. California, 386
U.S. 738, 87 S. Ct. 1396 (1967), presenting a professional evaluation of the
record demonstrating why there are no arguable grounds to be advanced.  See High v. State, 573 S.W.2d 807
(Tex. Crim. App. 1978).

A copy of counsel=s brief was delivered to
appellant.  Appellant was advised of the
right to examine the appellate record and file a pro se response.  See Stafford v. State, 813 S.W.2d 503,
510 (Tex. Crim. App. 1991).  On June 30,
2005, appellant filed a pro se response to the brief filed by appointed
counsel.

Appellant raises four issues. 
Appellant first claims he did not make a knowing, voluntary or
intelligent waiver of his right to counsel. 
The record shows that appellant filed a motion to represent himself, pro
se, with the assistance of appointed counsel, Layton Duer.  This motion was granted.  Appellant cites to Johnson v. State,
614 S.W.2d 116 (Tex. Crim. App. 1981) and Faretta v. California, 422 U.S.
806 (1975).

Although it is true that a judge ordinarily must admonish a
defendant before allowing him to represent himself, the rules are different
where the trial judge allows appointed counsel to continue to assist and advise
the pro se defendant.  A judge need not
admonish an accused of the dangers and disadvantages of self‑representation
when he allows the accused to present his own defense but, at the same time,
appoints standby counsel to advise the accused as necessary.  See Walker v. State, 962 S.W.2d 124,
126‑27 (Tex. App.‑Houston [1st Dist.] 1997, pet. ref'd); Robertson
v. State, 934 S.W.2d 861, 865-66 (Tex. App.BHouston [14th Dist. 1996, no
pet.).  Furthermore, in cases where such Ahybrid representation@ is allowed or standby counsel is
appointed, "no question of waiver of counsel is involved," since
counsel remains to assist the accused, and thus, there is no need to admonish
the accused of the dangers and disadvantages of self‑representation.  See Maddox v. State, 613 S.W.2d 275,
286 (Tex. Crim. App. 1981); Robertson, 934 S.W.2d at 865.  Nonetheless, the record indicates that
appellant in this case was admonished about the dangers of
self-representation.  Thus, we find no
merit to appellant=s first issue.








Appellant next claims he received ineffective assistance of
counsel.  The trial court granted
appellant=s request to represent himself, but
appointed standby counsel.  The Supreme
Court has identified two primary limitations on the role standby counsel
plays.  First, counsel's participation
must not undermine the pro se defendant's Aactual control over the case he
chooses to present.@  McKaskle v.
Wiggins, 465 U.S. 168, 178 (1984). 
Second, in the context of a jury trial, standby counsel's participation
(particularly over the pro se defendant's objection) Ashould not be allowed to destroy the
jury's perception that the defendant is representing himself.@ 
Id. 

Appellant claims counsel did not advise him about the
deadlines for filing motions to allow appellant to elect punishment to be
assessed by jury and to request community supervision.  Because the motions were not timely filed,
they were denied.  Appellant contends
this establishes standby counsel=s ineffectiveness.  However, appellant competently and
intelligently invoked his Sixth Amendment right to self‑representation,
and thus waived his right to appointed counsel within constitutional parameters.  See Dunn v. State, 819 S.W.2d 510, 526
(Tex. Crim. App. 1991) (en banc). 
Therefore, appellant may not now be heard to attack standby counsel
under the circumstances of this case.  See
id.  








Even if we were to address appellant=s claim, we would find no ineffective
assistance  in this case.  It is the defendant's burden to prove
ineffective assistance of counsel by a preponderance of the evidence.  Thompson v. State, 9 S.W.3d 808, 813
(Tex. Crim. App. 1999).  To prevail on a
claim of ineffective assistance of counsel, the appellant must show both 1)
that counsel's performance was so deficient it was outside the range of
reasonable professional judgment, and 2) that the appellant was prejudiced by
this performance and there is a reasonable probability, one sufficient to
undermine confidence in the outcome of the trial, that the result of the trial
would have been different.  Id. at
812. An appellant must demonstrate trial counsel's ineffectiveness in light of
the totality of the circumstances.  Id.
at 813.  The appellant must overcome the
presumption that the challenged action might be considered sound trial
strategy.  Id.  That another attorney may have pursued a
different strategy does not necessarily indicate ineffective assistance of
counsel. See Hawkins v. State, 660 S.W.2d 65, 75 (Tex. Crim.
App.1983).  When facing a silent record
as to defense counsel's strategy, the court will not speculate as to defense
counsel's tactics or guess what the reasons might be for taking or not taking
certain actions.  Jackson v. State,
877 S.W.2d 768, 771 (Tex. Crim. App.1994). 
Without evidence of the strategy and methods involved concerning
counsel's actions at trial, the court will presume sound trial strategy.  Thompson, 9 S.W.3d at 814.  Accordingly, we find no merit to appellant=s claim that standby counsel was
ineffective.

Appellant=s third issue concerns the voluntariness of his guilty plea.  After one day of trial, appellant decided to
plead guilty without an agreed sentencing recommendation from the State.  Appellant claims he was induced to plead
guilty by promises he would receive probation. 

Proper admonishment by a trial court creates a prima facie
showing that a guilty plea is both knowing and voluntary.  Ex parte Gibauitch, 688 S.W.2d 868,
871 (Tex. Crim.App. 1985); George v. State, 20 S.W.3d 130, 135 (Tex.
App.BHouston [14 Dist.] 2000, pet. ref=d). A defendant still may raise the
claim that his plea was not voluntary, but the burden shifts to him to
demonstrate that he did not fully understand the consequences of his plea.  Martinez v. State, 981 S.W.2d 195, 197
(Tex. Crim. App. 1998).  Further, when a
defendant affirmatively indicates at the plea hearing that he understands the
nature of the proceeding and is pleading guilty because the allegations in the
indictment are true, not because of any outside pressure or influence, he has a
heavy burden to prove that his plea was involuntary.  George, 20 S.W.3d at 135.








The voluntariness of a plea is determined by the totality of
the circumstances.  Id.; Munoz
v. State, 840 S.W.2d 69, 74 (Tex. App.BCorpus Christi 1992, pet.
ref'd).  The record shows that appellant
was admonished by the trial court that he could be sentenced within the full
range of punishment.  Nothing in the
record supports appellant=s claim that he was induced to plead guilty by promises of
probation.  Accordingly, we find no merit
to appellant=s claim that his plea was
involuntary.

Finally, appellant claims the trial court erred in denying
his motions to elect to have the jury assess punishment and to request
community supervision.  When appellant
pled guilty, however, he waived the right to a jury trial, which includes both
the jury determination of guilt and assessment of punishment.  This is reflected in the record.  Furthermore, appellant stated he understood
the consequences of his plea, which included the possibility of punishment
within the range allowed by law.

A defendant has an absolute right to be sentenced within the
proper range of punishment established by the Legislature.  Speth v. State, 6 S.W.3d 530, 532-33
(Tex. Crim. App. 1999).  The granting of
community supervision, however, is a privilege, not a right.  Id. at 533.  Furthermore the decision whether to grant
probation is wholly discretionary and nonreviewable.  Id. 
Accordingly, we find no error in the trial court=s decision to sentence appellant
within the range of punishment allowed by law. 

We have carefully reviewed the record, counsel=s brief, and the pro se response, and
agree the appeal is wholly frivolous and without merit.  Further, we find no reversible error in the
record. 

Accordingly, the judgment of the trial court is affirmed.

PER CURIAM

 

Judgment rendered and Memorandum
Opinion filed October 27, 2005.

Panel consists of Justices Hudson,
Frost, and Seymore. 

Do Not Publish C Tex. R. App. P. 47.2(b).