

NUMBER 13-10-00620-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

JOHN PAUL PERRY,                                                    Appellant,

v.

THE STATE OF TEXAS,                                                Appellee.

### On appeal from the 36th District Court
### of San Patricio County, Texas.

# MEMORANDUM OPINION

### Before Justices Benavides, Vela, and Perkes
### Memorandum Opinion by Justice Benavides

Without a plea agreement, appellant, John Paul Perry, pleaded guilty to the offense of evading arrest or detention, a state-jail felony. *See* TEX. PENAL CODE ANN. § 38.04 (West 2003). The trial court sentenced Perry to two years' confinement in the State-Jail Division of the Texas Department of Criminal Justice, but probated his

sentence for five years with special conditions of probation requiring payment of a $750 fine, thirty days of confinement in the San Patricio County Jail, and submission to treatment at a Substance Abuse Felony Punishment Facility (SAFPF).   By two issues, Perry contends that his plea was involuntary because (1) the court failed to inform him that the SAFPF program was a possible punishment to his open plea, and (2) the court improperly instructed him that he could withdraw his plea if the court did not accept the plea agreement punishment, even though no such agreement existed.   We affirm.

## I.   BACKGROUND[1]

On April 3, 2010, Perry was driving at a speed of 112 miles per hour in a posted sixty-five mile-per-hour zone on Interstate Highway 37 in San Patricio County.   After a state trooper attempted to pull over the vehicle, Perry led the officer on a pursuit at speeds in excess of 100 miles per hour, finally coming to rest within Odem city limits where Perry voluntarily gave up the chase.   After Perry and his two passengers were arrested, an inventory of the vehicle uncovered a small amount of marihuana.

The pre-sentence investigation report indicated that Perry was, at that time, on community supervision in Medina County, and that he smoked marihuana daily, having tested positive for marihuana in urinalysis tests on September 13th, 20th, 28th, and on October 6th, and 15th of 2010.

After Perry entered a guilty plea on the evading arrest charge, the State recommended incarceration in a state-jail facility at the sentencing hearing.   Perry testified and requested deferred adjudication probation.

Before accepting his guilty plea, the court admonished Perry as to the full range of

---

[1] We note that the appellee, the State of Texas, did not file a response brief in this matter.   *See generally* TEX. R. APP. P. 38.2.

punishment to which he could be sentenced if he chose to plead guilty:

> THE COURT: If I find you guilty, you need to understand that the range of punishment is no less than 180 days and no more than two years in a state jail facility, and a fine could be assessed up to $10,000. And knowing that, do you want to continue with your plea today?
>
> [Perry]: Yes.
>
> THE COURT: Are you entering this plea today freely and voluntarily?
>
> [Perry]: Yes, ma'am.

Following this exchange, the trial court then admonished Perry as though he had made a plea agreement with the State:

> THE COURT: I don't have to go along with any agreement that you and [your counsel] made today, and if I want to make the punishment greater, the law let[]s me do that, but you get the right to consult and maybe take your plea of guilty back. All right?
>
> [Perry]: Right.

Additionally, the Court provided written admonishments in which the range of punishment and the consequences of a guilty plea without a plea bargain were made clear:

> If No Plea Bargain. On the other hand, if you are entering a plea of guilt/nolo contendere without a plea bargain agreement, you will waive or give up any non-jurisdictional defects in the case, if any, including any claimed deprivation of Federal due process rights. This means that if you are dissatisfied with the judgment of the Court and you decide to appeal, you will have almost nothing to appeal.

The written admonishments also included a provision explaining how community supervision could be applied:

> COMMUNITY SUPERVISION. . . . If you have filed such an application[,] the Court will consider it, BUT THERE IS NO GUARANTEE THAT THE COURT WILL PLACE YOU ON COMMUNITY SUPERVISION IF YOU

3

ARE FOUND GUILTY. The court will make its own decision on whether you should be placed on community supervision if you are found guilty, regardless of any recommendations made by the State or your attorney. Finally, the conditions of probation are not negotiable items in any plea bargain agreement; the Court may impose certain conditions upon you that the Court feels may be appropriate for you regardless of whether you previously agreed to them or not. (Emphasis in original).

In the "Statement of Defendant" portion of the admonishment, Perry also placed an "x" in the box for the admonishment, acknowledging "I understand . . . that the Court can impose conditions of probation upon me that the Court feels are appropriate regardless of whether I agree with them"; both Perry and his attorney signed the admonishments. Ultimately, the trial court sentenced Perry to two years' confinement in state jail, but probated the sentence. The court required Perry to comply with thirty-one conditions of probation, including, among other conditions, thirty days' confinement in the San Patricio County Jail, confinement in a SAFPF for "not less than ninety (90) days or more than one (1) year," submission to SAFPF aftercare in Victoria and outpatient treatment in Corpus Christi, sixty days of "home confinement," a 10:00 p.m. curfew, abstention from the use of alcohol or drugs, submission to urinalysis, and the payment of various fines and fees.

## II. DISCUSSION

Article 26.13 of the code of criminal procedure requires the trial court to admonish a defendant, prior to his plea of guilty or nolo contendere, about the range of punishment for the offense, potential effects of a plea-bargain agreement, and some other, very specific effects of a guilty plea. TEX. CODE CRIM. PROC. art. 26.13(a) (West Supp. 2003); *VanNortrick v. State*, 227 S.W.3d 706, 707–08 (Tex. Crim. App. 2007). "In admonishing the defendant as [provided by the Code], substantial compliance by the court is sufficient, unless the defendant affirmatively shows that he was not aware of the

4

consequences of his plea and that he was misled or harmed by the admonishment of the court." TEX. CODE CRIM. PROC. art. 26.13(c) (West Supp. 2010). The trial court may make the admonitions required by art. 26.13 either orally or in writing. *Id.* art. 26.13(d) (West Supp. 2010); *see Munoz v. State*, 840 S.W.2d 69, 75 (Tex. App.—Corpus Christi 1992, pet. ref'd). If the court admonishes a defendant in writing, rather than orally, the court "must receive a statement signed by the defendant and the defendant's attorney that he understands the admonitions and is aware of the consequences of his plea." *Munoz*, 840 S.W.2d at 75.

In his first issue, Perry contends that the trial court's failure to admonish him of the extent of the "special conditions" that were possible as a part of community supervision rendered his plea involuntary. We have previously held under similar circumstances that such a "failure" to admonish a defendant did not render a plea involuntary. *See Harvill v. State*, 13 S.W.3d 478, 480 (Tex. App.—Corpus Christi 2000, no pet.) ("[T]he [trial] court explained that it would ultimately determine the conditions to be imposed. Thus, the trial court did not err in failing to specifically admonish appellant that he could be confined to a restitution center as a condition of community supervision."). Our holding in *Harvill* was based, first, on the fact that the trial court is not statutorily required to advise a defendant of his eligibility or the possible conditions of community supervision at all, and second, that if the court chooses to do so, it need only do so "accurately." *Id.* (citing *Ex Parte Williams*, 704 S.W.2d 773, 775 (Tex. Crim. App. 1986); *Rodriguez v. State*, 933 S.W.2d 702, 704 (Tex. App.—San Antonio 1996, pet. ref'd)). Similarly, here, the court's written admonishments specifically informed Perry that it would impose the conditions of any community supervision at its sole discretion, and the

5

admonishments were signed and acknowledged by Perry and his attorney.

Additionally, just as in *Harvill*, we find no evidence in this case that the trial court's failure to admonish appellant on this subject left him unaware of the consequences of his plea. Although Perry was ordered to complete thirty days in the San Patricio jail and to complete the SAFPF program, this remained less total confinement than would have been statutorily allowed had the sentence not been probated and Perry had been ordered into state-jail custody. Therefore, we cannot hold that Perry was unaware of the consequences of his plea, and accordingly, we overrule his first issue. *See* TEX. CODE CRIM. PROC. art. 26.13(c) (noting that when the trial court has substantially complied with article 26.13(a), the defendant bears the burden of showing that he was unaware of the consequences of his plea).

By his second issue, Perry contends that he should be able to withdraw his guilty plea because it was based on inaccurate advice from the judge that he could withdraw it if the judge did not "go along with" any agreement made with the State. This contention is wholly without merit.

First, there was no agreement between Perry and the State in this case, and therefore, the trial court could not possibly deviate from such an agreement—thereby triggering a right to rescind. Second, the admonition about which Perry complains instructed Perry that if the judge wanted to deviate from a plea agreement, Perry would "get the right to consult and *maybe* take [his] plea of guilty back." (Emphasis added). Because he was not instructed that he would have an absolute right to rescind his plea, he could not have possibly depended on the admonition in deciding to enter a guilty plea. And finally, the written admonitions clearly lay out that such a right to rescind a plea of

6

guilty was only available to a defendant who entered a guilty plea in accordance with a plea agreement with the State, which Perry did not do. Accordingly, Perry could not have been harmed by the additional, unnecessary admonishment by the trial court, and we overrule his second issue.

### III. CONCLUSION

Having overruled both of Perry's issues, we affirm the trial court's judgment.

_____
GINA M. BENAVIDES,
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed the
31st day of August, 2011.

7