NUMBER 13-10-00620-CR

 

                                        COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI
- EDINBURG

                                                                     


 

JOHN PAUL PERRY,                                                           Appellant,

 

v.

 

THE STATE OF TEXAS,                                    Appellee.

                                                                     


 

On appeal from the 36th
District Court

of San Patricio County,
Texas.

                                                                     


 

MEMORANDUM OPINION

 

                     Before
Justices Benavides, Vela, and Perkes

                      Memorandum
Opinion by Justice Benavides

 

Without
a plea agreement, appellant, John Paul Perry, pleaded guilty to the offense of
evading arrest or detention, a state-jail felony.  See Tex. Penal Code Ann. § 38.04 (West
2003).  The trial court sentenced Perry to two years’ confinement in the
State-Jail Division of the Texas Department of Criminal Justice, but probated
his sentence for five years with special conditions of probation requiring
payment of a $750 fine, thirty days of confinement in the San Patricio County Jail,
and submission to treatment at a Substance Abuse Felony Punishment Facility
(SAFPF).  By two issues, Perry contends that his plea was involuntary because
(1) the court failed to inform him that the SAFPF program was a possible
punishment to his open plea, and (2) the court improperly instructed him that
he could withdraw his plea if the court did not accept the plea agreement
punishment, even though no such agreement existed.  We affirm.

I.  Background[1]

            On
April 3, 2010, Perry was driving at a speed of 112 miles per hour in a posted
sixty-five mile-per-hour zone on Interstate Highway 37 in San Patricio County. 
After a state trooper attempted to pull over the vehicle, Perry led the officer
on a pursuit at speeds in excess of 100 miles per hour, finally coming to rest within
Odem city limits where Perry voluntarily gave up the chase.  After Perry and
his two passengers were arrested, an inventory of the vehicle uncovered a small
amount of marihuana. 

            The
pre-sentence investigation report indicated that Perry was, at that time, on
community supervision in Medina County, and that he smoked marihuana daily, having
tested positive for marihuana in urinalysis tests on September 13th, 20th,
28th, and on October 6th, and 15th of 2010.

After
Perry entered a guilty plea on the evading arrest charge, the State recommended
incarceration in a state-jail facility at the sentencing hearing.  Perry
testified and requested deferred adjudication probation.  

Before
accepting his guilty plea, the court admonished Perry as to the full range of
punishment to which he could be sentenced if he chose to plead guilty:

THE COURT:            If
I find you guilty, you need to understand that the range of punishment is no
less than 180 days and no more than two years in a state jail facility, and a
fine could be assessed up to $10,000.  And knowing that, do you want to
continue with your plea today?

 

[Perry]:                        Yes.

 

THE COURT:            Are
you entering this plea today freely and voluntarily?

 

[Perry]:                        Yes,
ma’am.

 

Following this
exchange, the trial court then admonished Perry as though he had made a plea
agreement with the State:

THE COURT:            I
don’t have to go along with any agreement that you and [your counsel] made
today, and if I want to make the punishment greater, the law let[]s me do that,
but you get the right to consult and maybe take your plea of guilty back.  All
right?

 

[Perry]:                        Right.

 

Additionally,
the Court provided written admonishments in which the range of punishment and
the consequences of a guilty plea without a plea bargain were made clear:

If No Plea Bargain.  On the other hand, if you are
entering a plea of guilt/nolo contendere without a plea bargain agreement, you
will waive or give up any non-jurisdictional defects in the case, if any,
including any claimed deprivation of Federal due process rights.  This means
that if you are dissatisfied with the judgment of the Court and you decide to
appeal, you will have almost nothing to appeal.

 

The written
admonishments also included a provision explaining how community supervision
could be applied:

COMMUNITY SUPERVISION. . . .  If you have
filed such an application[,] the Court will consider it, BUT THERE IS NO
GUARANTEE THAT THE COURT WILL PLACE YOU ON COMMUNITY SUPERVISION IF YOU ARE
FOUND GUILTY.  The court will make its own decision on whether you should be
placed on community supervision if you are found guilty, regardless of any
recommendations made by the State or your attorney.  Finally, the conditions of
probation are not negotiable items in any plea bargain agreement; the Court may
impose certain conditions upon you that the Court feels may be appropriate for
you regardless of whether you previously agreed to them or not.  (Emphasis in
original).

 

In the
“Statement of Defendant” portion of the admonishment, Perry also placed an “x”
in the box for the admonishment, acknowledging “I
understand . . . that the Court can impose conditions of
probation upon me that the Court feels are appropriate regardless of whether I
agree with them”; both Perry and his attorney signed the admonishments. 
Ultimately, the trial court sentenced Perry to two years’ confinement in state
jail, but probated the sentence.  The court required Perry to comply with
thirty-one conditions of probation, including, among other conditions, thirty
days’ confinement in the San Patricio County Jail, confinement in a SAFPF for
“not less than ninety (90) days or more than one (1) year,” submission to SAFPF
aftercare in Victoria and outpatient treatment in Corpus Christi, sixty days of
“home confinement,” a 10:00 p.m. curfew, abstention from the use of alcohol or
drugs, submission to urinalysis, and the payment of various fines and fees.

II. 
Discussion

            Article
26.13 of the code of criminal procedure requires the trial court to admonish a
defendant, prior to his plea of guilty or nolo contendere, about the range of
punishment for the offense, potential effects of a plea-bargain agreement, and
some other, very specific effects of a guilty plea.  Tex. Code Crim. Proc. art. 26.13(a) (West Supp. 2003); VanNortrick
v. State, 227 S.W.3d 706, 707–08 (Tex. Crim. App. 2007).  “In admonishing
the defendant as [provided by the Code], substantial compliance by the court is
sufficient, unless the defendant affirmatively shows that he was not aware of
the consequences of his plea and that he was misled or harmed by the
admonishment of the court.”  Tex. Code
Crim. Proc. art. 26.13(c) (West Supp. 2010).  The trial court may make
the admonitions required by art. 26.13 either orally or in writing.  Id.
art. 26.13(d) (West Supp. 2010); see Munoz v. State, 840 S.W.2d 69,
75 (Tex. App.—Corpus Christi 1992, pet. ref'd).  If the court admonishes a
defendant in writing, rather than orally, the court “must receive a statement
signed by the defendant and the defendant's attorney that he understands the
admonitions and is aware of the consequences of his plea.”  Munoz, 840
S.W.2d at 75.

            In
his first issue, Perry contends that the trial court’s failure to admonish him
of the extent of the “special conditions” that were possible as a part of
community supervision rendered his plea involuntary.  We have previously held
under similar circumstances that such a “failure” to admonish a defendant did
not render a plea involuntary.  See Harvill v. State, 13 S.W.3d 478, 480
(Tex. App.—Corpus Christi 2000, no pet.) (“[T]he [trial] court explained that
it would ultimately determine the conditions to be imposed.  Thus, the trial
court did not err in failing to specifically admonish appellant that he could
be confined to a restitution center as a condition of community
supervision.”).  Our holding in Harvill was based, first, on the fact
that the trial court is not statutorily required to advise a defendant of his
eligibility or the possible conditions of community supervision at all, and
second, that if the court chooses to do so, it need only do so “accurately.” 
Id. (citing Ex Parte Williams, 704 S.W.2d 773, 775 (Tex. Crim. App.
1986); Rodriguez v. State, 933 S.W.2d 702, 704 (Tex. App.—San Antonio
1996, pet. ref'd)).  Similarly, here, the court’s written admonishments
specifically informed Perry that it would impose the conditions of any
community supervision at its sole discretion, and the admonishments were signed
and acknowledged by Perry and his attorney.

Additionally,
just as in Harvill, we find no evidence in this case that the
trial court’s failure to admonish appellant on this subject left him unaware of
the consequences of his plea.  Although Perry was ordered to complete thirty
days in the San Patricio jail and to complete the SAFPF program, this remained
less total confinement than would have been statutorily allowed had the
sentence not been probated and Perry had been ordered into state-jail custody. 
Therefore, we cannot hold that Perry was unaware of the consequences of his
plea, and accordingly, we overrule his first issue.  See Tex. Code Crim. Proc. art. 26.13(c)
(noting that when the trial court has substantially complied with article
26.13(a), the defendant bears the burden of showing that he was unaware of the
consequences of his plea).  

By
his second issue, Perry contends that he should be able to withdraw his guilty
plea because it was based on inaccurate advice from the judge that he could
withdraw it if the judge did not “go along with” any agreement made with the
State.  This contention is wholly without merit.  

First,
there was no agreement between Perry and the State in this case, and therefore,
the trial court could not possibly deviate from such an agreement—thereby
triggering a right to rescind.  Second, the admonition about which Perry
complains instructed Perry that if the judge wanted to deviate from a plea
agreement, Perry would “get the right to consult and maybe take [his]
plea of guilty back.” (Emphasis added).  Because he was not instructed that he
would have an absolute right to rescind his plea, he could not have possibly
depended on the admonition in deciding to enter a guilty plea.  And finally,
the written admonitions clearly lay out that such a right to rescind a plea of
guilty was only available to a defendant who entered a guilty plea in
accordance with a plea agreement with the State, which Perry did not do. 
Accordingly, Perry could not have been harmed by the additional, unnecessary
admonishment by the trial court, and we overrule his second issue.

III. 
Conclusion

            Having
overruled both of Perry’s issues, we affirm the trial court’s judgment.

 

 

 

________________________

GINA
M. BENAVIDES,

Justice

 

Do not publish.

Tex. R. App.
P. 47.2 (b).

 

Delivered and filed the

31st day of August, 2011. 

 









[1] We note that the appellee, the State of Texas, did not file a
response brief in this matter.  See generally Tex. R. App. P. 38.2.