**Opinion issued July 18, 2013.**



In The

# Court of Appeals

For The

# First District of Texas

———————————

**NOS. 01-12-00757-CR
01-12-00758-CR
01-12-00759-CR
01-12-00760-CR**

———————————

**MORGAN J. KLIEBERT, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 182nd District Court
Harris County, Texas
Trial Court Case Nos. 1328870, 1328871, 1328872, & 1328873**

---

**MEMORANDUM OPINION**

Appellant, Morgan J. Kliebert, pleaded guilty to four charges of possession of child pornography and, pursuant to a plea agreement with the State, the trial court assessed punishment at five years' confinement on each charge. On appeal,

which the trial court granted appellant permission to file, appellant contends that he received ineffective assistance of counsel. We affirm.

## BACKGROUND

Appellant was charged with four counts of possession of child pornography. Craig Goodhart was appointed to represent appellant in the proceedings and made several court appearances with appellant.

On May 30, 2012, appellant filed a pro se motion for hybrid representation. The motion was never ruled on.

On July 9, 2012, appellant began drafting a pro se motion to suppress, in which he alleged, among other things, that (1) evidence seized exceeded the scope of the warrant, (2) did not meet the requirements of the plain view doctrine, (3) violated his First Amendment right to possess and collect "Books," and (4) violated his right to engage in private, intimate sexual conduct in his own home. Appellant completed drafting his pro se motion on July 15, 2012, and the motion is postmarked July 17, 2012. Attached to the motion to suppress was a letter to the trial court, dated July 15, 2012, in which appellant stated:

> To the Honorable Judge of court 182. Your Honor, I cannot get my appointed lawyer Craig Goodhart to file this motion to suppress all evidence. So I have written it as best I know how, and ask Your Honor to make it part of the record, so I can use in appeal if needed. I asked Mr. Goodhart to file this several times and he has not. I gave Mr. Goodhart some leeway in my request, because of his illness and treatments he was taking. But after 8 months I can [afford] him no more leeway. I only wanted this filed so it could be part of record so I

2

can use in appeal if needed. I plead with Your Honor to please read and file as part of record. In 8 months, Mr. Goodhart has filed no motions I know of. Again I plead with Your Honor to please allow filing of this Motion. I also asked Mr. Goodhart if he had filed motion for discovery. Apparently he has not. In closing Your Honor, I plead once more to make it part of the record. Thank you for your consideration in this matter.

On July 19, 2012, appellant appeared with Goodhart in court, at which time, appellant, in accordance with a plea bargain agreement with the State, pleaded guilty, and the trial court assessed punishment at 5 years' confinement on each charge, to run concurrently. In connection with his plea, appellant signed a waiver of constitutional rights, agreement to stipulate, and judicial confession. He also signed written admonishments, which indicate that appellant did not waive his right to appeal. The same day, the trial court certified that "this is a plea-bargain cause, but the trial court has given permission to appeal, and the defendant has the right of appeal[.]"

From the July 19, 2012, docket sheet entry, it appears that appellant's pro se motion to suppress was filed on that same date, even though it is file stamped August 22, 2012. The docket sheet also shows that the motion to suppress was overruled on July 19, 2012.

On July 31, 2012, appellant filed a pro se notice of appeal.

3

## INEFFECTIVE ASSISTANCE OF COUNSEL/INVOLUNTARY PLEA

In two related issues on appeal, appellant contends that his guilty plea was involuntary because he received ineffective assistance of counsel at trial. Specifically, appellant contends that trial counsel did not inform him that, because there had been no evidentiary hearing on his motion to suppress, there could be no "meaningful appeal" of the motion.

*Standard of Review & Applicable Law*

The test for determining the validity of a guilty plea is whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the criminal defendant. *North Carolina v. Alford*, 400 U.S. 25, 31, 91 S. Ct. 160, 164 (1970). The *Strickland* two-pronged test for ineffective assistance of counsel applies in the guilty plea context. *Hill v. Lockhart*, 474 U.S. 52, 58, 106 S. Ct. 366, 370 (1985) (citing *Strickland v. Washington*, 466 U.S. 668, 687–88, 104 S. Ct. 2052, 2065 (1984)). To establish ineffective assistance of counsel, a criminal defendant must prove by a preponderance of the evidence that (1) his trial counsel's representation was deficient in that it fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's deficiency, the result of the proceeding would have been different. *See Strickland*, 466 U.S. at 688, 694, 104 S.

Ct. 2064, 2068. Failure to show either deficient performance or sufficient prejudice defeats the claim of ineffectiveness. *Strickland*, 466 U.S. at 697, 104 S. Ct. 2069.

In the context of guilty pleas, the first half of the *Strickland* test is applied in the same manner as in other contexts. *See Hill*, 474 U.S. at 58–59, 106 S. Ct. at 370. In other words, the applicant must show that counsel's advice "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 687–88, 104 S. Ct. at 2064. The "prejudice" requirement, on the other hand, is applied somewhat differently. The focus of the prejudice inquiry is "on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill*, 474 U.S. at 59, 106 S. Ct. at 370. In other words, in order to satisfy the "prejudice" requirement, the applicant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Id.*

*Analysis*

Appellant contends that his trial counsel failed to tell him that simply filing the motion to suppress was insufficient to preserve error so that its denial could be meaningfully challenged on appeal. In support of his argument, appellant points to the letter accompanying his pro se motion to suppress, in which he claimed that he wanted to file the motion "so [he] can use in appeal if needed." Appellant also

5

points out that the plea paperwork indicates that he did not waive his right to appeal and the trial court granted him permission to appeal.

However, nothing in the record supports appellant's contention that his trial counsel led him to think that simply filing the motion to suppress was sufficient to preserve error. In fact, nothing in the record shows that trial counsel was even aware that a pro se motion to suppress had been filed or that appellant claimed that he needed to file the motion himself in case he needed it for an appeal.

Also, appellant's letter to the court and pro se motion was completed and mailed two days prior to date he decided to plead guilty. The record is silent about any discussions that appellant may have had with trial counsel during the interim between appellant's drafting of the letter and his decision to plead guilty. It is entirely conceivable the appellant and his trial counsel decided not to pursue the motion to suppress and to plead guilty instead. It is also possible that trial counsel actually told appellant that the filing of the motion alone would not preserve error, but appellant decided to file it anyway.

Finally, the fact that the trial court granted permission to appeal does not necessary imply that appellant had been informed that he could bring a meaningful appeal of his motion to suppress. In fact, the trial court did not limit appellant's appeal to "matters . . . raised by written motion filed and ruled on before trial." Instead, the trial court gave appellant permission to appeal, which does not limit

6

the issues that might be raised on appeal to pretrial motions. Any notion that appellant desired to appeal only his motion to suppress is mere speculation.

When, as in this case, there is no proper evidentiary record developed at a postconviction hearing, it is extremely difficult to show trial counsel's performance was deficient. *Thompson v. State*, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999). The record on direct appeal will normally be insufficient to demonstrate by a preponderance of the evidence that an attorney's representation was so deficient that an appellant will succeed in overcoming the presumption that representation was reasonably professional. *See Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). When the record is silent as to counsel's actions, we may not speculate to find trial counsel ineffective. *Gamble v. State*, 916 S.W.2d 92, 93 (Tex. App.—Houston [1st Dist.] 1996, no pet.). To conclude that counsel misled appellant into believing that he could "meaningfully appeal" his motion to suppress would require speculation, which we will not do. As such, appellant has not met the first prong of *Strickland* by showing that his trial counsel's representation was deficient.

Furthermore, appellant presented no evidence, either by testimony or affidavit, that, but for counsel's alleged deficiency, he would not have pleaded guilty, but would have insisted on proceeding to trial. Absent evidence in the record that appellant would have insisted on proceeding to trial, appellant fails to

meet the second prong of *Strickland*. *Jackson v. State*, 139 S.W.3d 7, 20–21 (Tex. App.—Fort Worth 2004, pet. ref'd) ("[W]e hold that Appellant has failed to show prejudice . . . because she did not offer any evidence that there existed a reasonable probability that, but for trial counsel's failure to advise her of the consequences her guilty plea would have on her pending capital cases, she would not have pleaded guilty and would have insisted on going to trial."); *Munoz v. State*, 840 S.W.2d 69, 75 (Tex. App.—Corpus Christi 1992, pet. ref'd) ("The record does not show any claim by appellant that, but for inept advice from counsel, he would not have pleaded guilty.").

Accordingly, we overrule issues one and two.

## CONCLUSION

We affirm the trial court's judgment.


Sherry Radack
Chief Justice

Panel consists of Chief Justice Radack and Justices Sharp and Massengale.

Do not publish.  TEX. R. APP. P. 47.2(b).