Roy ESTRADA, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–90–00038–CR.

Court of Appeals of Texas,
San Antonio.

May 29, 1991.

Richard Gutierrez, Del Rio, for appellant.

Thomas F. Lee, Dist. Atty., Del Rio, for appellee.

Before BUTTS, CHAPA and CARR, JJ.

OPINION

CARR, Justice.

Appellant, Roy Estrada, was convicted by a jury of the offense of illegal investment in marihuana. Punishment was assessed at five years and a fine of $51,000. We affirm.

■ In the first point of error, appellant argues that the trial court erred in denying his requested jury charge on entrapment. This defense is codified at section 8.06 of

the Texas Penal Code, which provides in part:

> (a) It is a defense to prosecution that the actor engaged in the conduct charged because he was induced to do so by a law enforcement agent using persuasion or other means likely to cause persons to commit the offense. Conduct merely affording a person an opportunity to commit an offense does not constitute entrapment.

TEX.PENAL CODE ANN. § 8.06(a) (Vernon 1974).

To raise the issue of entrapment, a defendant must initially establish a prima facie showing of the defense. *Richardson v. State,* 622 S.W.2d 852, 856 (Tex.Crim.App. 1981). Appellant argues that the testimony of Officer Efrain Favela of the Drug Enforcement Administration Task Force raised this issue. We disagree.

Officer Favela's testimony reflects that he was contacted by a confidential informant who told him that appellant wished to purchase marihuana. Officer Favela suggested that the confidential informant set up a meeting with appellant. The confidential informant then telephoned appellant from Officer Favela's office and told him that "the man with the marihuana" would be in San Antonio the following day to talk to him. The following day appellant came to the meeting on his own volition and said that a friend wanted to buy approximately 125 pounds of marihuana.

At the meeting, appellant requested to inspect the marihuana, and after doing so, he indicated that the marihuana sample was rotting and not strong enough. Nevertheless, he said that he still wanted to show some of it to his friend. Appellant then took some of the sample and was gone for approximately forty-five minutes. Upon returning, appellant explained that at first his friend did not like the marihuana and did not want to do the transaction. He went on to say that his friend decided to go ahead and complete the transaction.

After appellant also expressed an interest in completing the transaction, appellant agreed to go to Del Rio, Texas, and get some of the fresher marihuana. He again told the undercover agents that he was interested in buying 125 pounds of marihuana. After being told that the price was $400 per pound, appellant said he would need some time to get ready to go to Del Rio. When he returned, he had a paper sack, which he threw at Officer Favela. He said there was $40,000 in the bag and asked Officer Favela if he wanted to count it. Officer Favela gave it back and told appellant that he would count the money in Del Rio.

Appellant voluntarily drove to Del Rio in his own car. After arriving, Officer Favela told appellant that everything was ready to inspect the marihuana. Officer Favela and appellant drove to a Del Rio car wash in Officer Favela's truck in order for appellant to inspect the marihuana, which was in the back of the truck. Once they arrived at the car wash, appellant handed Officer Favela the brown paper sack containing approximately $39,000 and got out of the truck's cab. As Officer Favela walked to the back, appellant opened a bundle of marihuana and stuck his fingers inside. It was at this time that appellant was arrested.

We find that appellant did not satisfy his burden of establishing a prima facie showing of entrapment. The evidence does not reflect that the law enforcement officers induced or persuaded appellant to commit the offense. The law enforcement officers merely acted in such a way as to afford appellant an opportunity to commit the offense. This conduct, however, is not entrapment. *See* TEX.PENAL CODE ANN. § 8.06 (Vernon 1974). The trial court, therefore, did not err in denying appellant's requested jury charge on entrapment. Point of error one is overruled.

■ In point of error two, appellant argues that the verdict is contrary to the law and evidence in the case because the marihuana in question was in an amount of more than two hundred pounds.

The indictment provided that appellant: did then and there intentionally invest funds he knew and believed were intended to further the commission of the offense of unlawful possession of a usable

quantity of marihuana, to-wit: in an amount of more than fifty (50) pounds but not more than two hundred (200) pounds.

Appellant contends that because at the time of arrest, the marihuana in Officer Favela's truck weighed a small amount in excess of two hundred pounds, a fatal variance exists between the evidence and the indictment. We disagree.

The offense for which appellant was convicted is codified under section 481.126 of the Texas Health and Safety Code:

(a) A person commits an offense if the person knowingly or intentionally:

\* \* \* \* \* \*

(2) finances or invests funds the person knows or believes are intended to further the commission of an offense listed in Subdivision (1).

(b) An offense under this section is punishable by confinement in the Texas Department of Corrections for life or for a term of not more than 99 years or less than 5 years, and a fine of not more than $1,000,000 or less than $50,000.

TEX.HEALTH & SAFETY CODE ANN. § 481.126 (Vernon Supp.1991) (footnote omitted). The offense listed in subdivision (a)(1) that appellant intended to further is codified at section 481.121:

(a) Except as authorized by this chapter, a person commits an offense if the person knowingly or intentionally possesses a usable quantity of marihuana.

\* \* \* \* \* \*

(c) A person commits an aggravated offense if the person commits an offense under Subsection (a) and the amount of marihuana possessed is *more than 50 pounds.*

TEX.HEALTH & SAFETY CODE ANN. § 481.121(a), (c) (Vernon Supp.1991) (emphasis added). For the offense in question, the Code simply requires that the amount of marihuana exceed 50 pounds.

■ We hold that the language "but not more than two hundred pounds" in the indictment is surplusage. Unnecessary words or allegations in an indictment may be rejected as surplusage if they are not descriptive of that which is legally essential to the validity of an indictment. *Polk v. State,* 749 S.W.2d 813, 816 (Tex.Crim.App. 1988) (en banc). Since the codification of the offense committed by appellant simply requires that the amount of marihuana be over 50 pounds, it was not legally essential to the validity of the indictment to include the clause "but not more than two hundred pounds." Point of error two is overruled.

■ In point of error three, appellant argues that there was no evidence and insufficient evidence to support a finding that appellant actually invested funds as alleged in the indictment because the transaction was not completed before appellant was arrested. Appellant contends that the offense was not completed because when he gave the money to Favela in Del Rio, it was merely for Favela to count. Appellant also contends that the offense was not completed because he did not accept or take possession of the marihuana.

■ Texas courts have addressed illegal investment infrequently. To commit the offense in the instant case, appellant must have: (1) intentionally invested funds (2) he knew and believed were intended for the commission of (3) the offense of possession of more than fifty pounds of marihuana. *See* TEX.HEALTH & SAFETY CODE ANN. §§ 481.121, 481.126 (Vernon Supp. 1991). A defendant need not actually receive the controlled substance to be convicted of illegal investment. *See Richardson v. State,* 789 S.W.2d 643, 645 (Tex.App.— Dallas 1990, pet. granted) (illegal investment in cocaine).

Sections 481.121 and 481.126 of the Texas Health & Safety Code do not define the term "invest." Since the legislature did not define this term, we must presume that the legislature intended the term to have its natural, ordinary, and familiar meaning. *Id.* at 646. Texas courts have defined "invest" as "to commit money in order to earn a financial return." *Id.; Rezapour v. State,* 788 S.W.2d 642, 644 (Tex.App.—Texarkana 1990, pet. filed).

The evidence in the case before us shows that appellant transferred to Officer Fave-

**450**

la the funds necessary to possess more than fifty pounds of marihuana. Officer Favela's testimony reflects that after appellant transferred the funds, the transaction had been completed. It was at this time that appellant was arrested.

After examining the evidence in the light most favorable to the prosecution, we determine that a rational trier of fact could have found beyond a reasonable doubt the essential elements of the crime, that is, that appellant had committed funds he knew and believed were intended to further the commission of the offense of possession of more than fifty pounds of marihuana. *See Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Point of error three is overruled.

Judgment is affirmed.