Opinion issued October
7, 2010


 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 

 


In The

Court of Appeals

For The

First District of Texas

————————————

No. 01-09-00561-CR

————————————

Stanley
lanier Roberts, Appellant

V.

The State of Texas,
Appellee



 



 

On Appeal from the 180th District
Court

Harris
County Texas



Trial Court Cause No. 1211100

 



 

 

MEMORANDUM OPINION

          Appellant, Stanley Lanier
Roberts, appeals a judgment convicting him for unlawful delivery of a
controlled substance, cocaine, in an amount less than one gram.  See
Tex. Health & Safety Code Ann. §
481.112(b) (Vernon 2010).  Appellant
pleaded not guilty.  A jury found
appellant guilty, and upon a plea of true to prior conviction enhancements, the
judge assessed his punishment at six years in prison.  In his sole issue on appeal, appellant
contends that the trial court erred by not charging the jury with an entrapment
instruction.  We conclude that the trial
court properly refused to give an entrapment instruction because the evidence failed
to raise the issue of entrapment.  We, therefore,
affirm.

Background

          One afternoon, Police Officer O’Brien,
working undercover, pulled into a restaurant parking lot where appellant was
standing outside.  O’Brien did not know
the appellant.  O’Brien waved at
appellant, indicating he wanted him to come up to the truck.  When appellant approached, O’Brien, pretending
to be a drug addict, asked him if he knew where he could “score some hard.”  The term “hard” is street slang for crack
cocaine.  O’Brien and appellant had a
brief conversation where O’Brien told appellant how desperate he was.  During the conversation, O’Brien, told
appellant that he was “down on [his] luck,” and in need of a “hit.”  As O’Brien placed his hand on his truck’s
gear shift to drive away, appellant asked if O’Brien would pay him $10 in
exchange for help in finding some drugs. 

          After O’Brien agreed, appellant entered
the truck and directed O’Brien to a house a few blocks away.  Once there, O’Brien gave appellant $20 to buy
the drugs, and appellant went inside.  Moments
later, appellant returned, entered the truck, and handed O’Brien two rocks of
crack cocaine.  O’Brien soon gave the
“bust signal” to his fellow officers, and he and appellant were stopped a short
distance down the road.  Appellant was
arrested and searched, but no marked money or drugs were found on him.

Denial of Entrapment Instruction in Jury Charge

          In his sole issue on appeal, appellant
contends that the trial court erred in denying his request for a jury
instruction on the defensive issue of entrapment.  

          A.      Applicable
Law

          It is a defense to
prosecution that the defendant engaged in the conduct charged because he was
induced to do so by a law enforcement agent using persuasion or other means
likely to cause persons to commit the offense. 
Tex. Penal Code Ann. §
8.06(a) (Vernon 2003).  Conduct merely
affording a person an opportunity to commit an offense does not constitute
entrapment.  Id.  The entrapment defense
consists of two tests; the first is subjective, and the second is objective.  England
v. State, 887 S.W.2d 902, 910 (Tex. Crim. App. 1994).  The subjective test is satisfied only if, but
for the police’s inducing conduct, the defendant would not have committed the
crime.  Id. at 912.  The objective test
is satisfied only if the law enforcement agent’s conduct “was such as to cause
an ordinarily law-abiding person of average resistance nevertheless to commit
the offense.”  Id. at 914; Flores
v. State, 84 S.W.3d 675, 682 (Tex. App.—Houston [1st Dist.] 2002, pet. ref’d).  The amount of persuasion used to induce an ordinary, law-abiding person
of average resistance who is not pre-disposed to commit the offense will depend
on the particular facts of each case.  Barnes v. State, 70 S.W.3d 294, 307
(Tex. App.—Fort Worth 2002, pet. ref’d); Torres
v. State, 980 S.W.2d 873, 876 (Tex. App.—San Antonio 1998, no pet.); Sebesta v. State, 783 S.W.2d 811, 814
(Tex. App.—Houston [1st Dist.] 1990, pet. ref’d).

A trial court must include an entrapment instruction
in the jury charge if evidence is admitted supporting each element of the
defense, whether that evidence
is weak, contradicted, or appears to the trial court to be lacking
credibility.  Denman v. State, 193 S.W.3d 129, 134 (Tex. App.—Houston [1st Dist.] 2006, pet. ref’d); see Tex. Penal Code Ann. § 2.03(c); Shaw v. State, 243 S.W.3d 647, 657–58 (Tex. Crim.
App. 2007).  To be entitled to an entrapment instruction, the defendant
has the burden of production to support the defense.  Hernandez v. State, 161 S.W.3d 491, 497 (Tex. Crim. App. 2005); see Shaw, 243 S.W.3d
at 657.  The defendant, however, need not
actually proffer the evidence.  See Shaw,
243 S.W.3d at 657–58.  So long as there
is some evidence admitted, from whatever source, supporting each element of the
defense, the defendant has satisfied his burden.  See id.

          The defendant may plead “not guilty” to the offense, not
take the stand, and may still be entitled to an entrapment defense.  See
Melton v. State, 713 S.W.2d 107, 112
(Tex. Crim. App. 1986).  Where the defendant, however, presents evidence negating any
element of the offense charged, including culpable mental state, he is not entitled
to an instruction on the entrapment defense. 
Id.; see Shaw, 243 S.W.3d at
659; Ex Parte Nailor, 149 S.W.3d 125, 132 (Tex. Crim. App. 2004).  

          B.      Analysis 

Appellant contends that evidence of entrapment was raised by O’Brien’s
testimony.  We conclude appellant failed
to establish both the subjective and objective tests.

          1.       Subjective
Test

Appellant suggests that O’Brien’s story, that he was a drug addict in
need of a hit, could have appealed to appellant’s altruistic desire to help
someone down on his luck.  Appellant,
however, points to no evidence in the record that he was actually induced by
that desire.  See England, 887 S.W.2d at 913–14. 
Moreover, the record demonstrates that O’Brien’s story did not actually
induce appellant to agree to deliver the drugs. 
Rather than showing that appellant helped O’Brien for an altruistic
motive, the record shows that appellant helped O’Brien only after O’Brien
agreed to pay him $10.  The record
contains no evidence tending to show that the appellant was particularly
susceptible to being induced by the police conduct.  See id.
at 909.  There is nothing to suggest that
he would not have delivered crack cocaine had it been any other consumer that
day, rather than O’Brien.  See id.
at 912 (defendant actually induced only if but for police’s inducing conduct,
defendant would not have otherwise committed crime).

          2.       Objective
Test

The record contains no evidence of the objective test necessary to raise
the issue of entrapment.  The kind of
deception used by O’Brien was not persuasive or coercive.  Rather, the deception, imitating the
purchasing behavior of a drug addict, was incident to providing an opportunity
to commit the offense charged.  See Estrada v. State, 810 S.W.2d 447, 448
(Tex. App.—San Antonio 1991, pet. ref’d) (evidence of offer to sell marihuana
did not establish prima facie case of entrapment necessary to entitle defendant
to entrapment instruction); Ramos v. State,
632 S.W.2d 688, 691 (Tex. App.—Amarillo 1982, no pet.) (undercover request for
marihuana from defendant, not then in possession, is mere provision of opportunity
to commit charged offense, not entrapment). 
The legislature has declared that merely being provided an opportunity
to commit an offense is not entrapment.  See Tex.
Penal Code Ann. § 8.06(a). 
O’Brien’s use of ordinary deception fails to establish entrapment.  See id.;
Estrada, 810 S.W.2d at 448.

          “With respect to the
objective [test], prohibited police conduct usually includes, but is not
limited to, matters such as extreme pleas of desperate illness in drug cases,
appeals based primarily on sympathy, pity, or close personal friendship, offers
of inordinate sums of money; and other methods of persuasion which are likely
to cause the otherwise unwilling person—rather than the ready, willing and
anxious person—to commit an offense.”  Flores,
84 S.W.3d at 682; Sebesta, 783 S.W.2d at 814 (quoting Ramos, 632
S.W.2d at 691 (Tex. App.—Amarillo 1982, no pet.)).

          The record shows that during cross-examination, O’Brien testified as
follows:

[Appellant’s
attorney]:  And when he got in your car,
you were comfortable that he believed that you were a drug addict, didn’t you?

 

[O’Brien]:                      Yes, sir.

 

[Appellant’s
attorney]:  In that short conversation do
you recall talking to him about how down on your luck you were?

 

[O’Brien]:                      Yes, probably so.

 

[Appellant’s
attorney]:  And how desperate you were?

 

[O’Brien]:                      Yes, sir.

 

[Appellant’s
attorney]:  Okay.  So you were trying to convince him that he
ought to help you.  Didn’t you try to do
that?

 

[O’Brien]:                      No.

 

[Appellant’s
attorney]:  But you did tell him you were
down on your luck?

 

[O’Brien]:                      Yes, sir.

 

[Appellant’s
attorney]:  And that you needed some
drugs?

 

[O’Brien]:                      Yes, sir.

 

. . . . 

 

[Appellant’s
attorney]:  You told him this is what I’m
looking for?

 

[O’Brien]:                      Yes, sir.

 

[Appellant’s
attorney]:  And then you convinced him to
take you to get some, didn’t you?

 

[O’Brien]:                      I did not convince him.

 

          The record shows that
O’Brien did not use persuasion or other means likely to cause persons to commit
the offense and his conduct merely afforded appellant an opportunity to commit
the offense.  See Tex. Penal Code Ann.
§ 8.06(a).  O’Brien expressly testified
that he did not convince appellant to take him to get the cocaine.  Rather, the evidence undisputedly shows that,
as O’Brien was placing his hand on the gear shift to leave the location,
appellant asked O’Brien for money in exchange for help to acquire the
cocaine.  Although the record does show
that O’Brien led appellant to believe he was a desperate drug addict down on
his luck and in need of a hit, O’Brien’s conduct did not objectively rise to
the level of constituting an extreme plea of desperate illness or persuasion
likely to cause the otherwise unwilling person—rather than the ready, willing
and anxious person—to commit an offense. 
See Flores, 84 S.W.3d
at 682.   

The $10 sum of money offered to appellant would not
have induced an ordinary law abiding citizen to commit a felony.  Cf.
January v. State, 720 S.W.2d 207, 210 (Tex. App.—Houston [14th Dist.] 1986,
no pet.) (potential $50,000 profit by manufacturing methamphetamines did not meet
objective test, it constituted mere opportunity to commit offense).  The conversation was brief, with little
pressure, and O’Brien was preparing to leave when appellant agreed to
help.  Cf. Sebesta, 783 S.W.2d at 814 (repeated, annoying telephone calls
not sufficient to establish entrapment). 
The record contains no evidence of persuasive or otherwise improper
police conduct that a jury could rationally find to be capable of causing an
ordinarily law-abiding person of average resistance nevertheless to commit the
offense.  See England, 887 S.W.2d
at 914; Flores,
84 S.W.3d at 682.

We hold that appellant was not entitled to a jury instruction on
entrapment as the record contains no evidence as to either the subjective or
objective tests of the entrapment defense. 
See England, 887 S.W.2d at 913–14.


Accordingly, we overrule appellant’s sole issue.




 

Conclusion

          We affirm the judgment.                                                                   

 

                                                                   Elsa
Alcala

                                                                   Justice

 

Panel
consists of Justices Jennings, Alcala, and Sharp.

 

Do not
publish.  Tex. R. App. P. 47.2(b).